1  MAYER BROWN LLP
   PAUL M. FAKLER (*pro hac vice*)
2  *pfakler@mayerbrown.com*
   JACOB B. EBIN (*pro hac vice forthcoming*)
3  *jebin@mayerbrown.com*
   ALLISON AVIKI (*pro hac vice*)
4  *aaviki@mayerbrown.com*
   1221 Avenue of the Americas
5  New York, New York  10020-1001
   Telephone:   (212) 506-2500
6  Facsimile:   (212) 262-1910

7  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
8  *jnadolenco@mayerbrown.com*
   DANIEL D. QUEEN (SBN 292275)
9  *dqueen@mayerbrown.com*
   MEERIM A. NEHME (SBN 322234)
10 *mnehme@mayerbrown.com*
   350 S. Grand Avenue, 25th Floor
11 Los Angeles, California  90071-1503
   Telephone:   (213) 229-9500
12 Facsimile:   (213) 625-0248

13 [*Additional counsel listed on signature page*]

14 Attorneys for Counterclaimant
15 PANDORA MEDIA, LLC

16          **UNITED STATES DISTRICT COURT**

17          **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No.: 2:22-cv-00809-MCS-MAR |
| | <u>CONSOLIDATED ACTION</u> |
| | **DEFENDANT AND COUNTERCLAIMANT PANDORA MEDIA, LLC'S OPPOSITION TO PLAINTIFFS' JOINDER IN MOTION TO DISMISS** |
| This Document Relates To: ALL ACTIONS | Filed concurrently with Pandora's Opposition to Motion to Dismiss and Pandora's Opposition to Request for Judicial Notice |
| | Date: August 29, 2022 Time:   9:00 AM Crtrm:  7C - First Street Courthouse 350 W. 1st Street, 7th Floor Los Angeles, CA 90021 |

Counterclaimant Pandora Media, LLC (Pandora) respectfully submits the following opposition to Plaintiffs/Counterclaim Defendants Yellow Rose Productions Inc., on behalf of Bill Engvall; Main Sequence, Ltd.; Ron White, Inc., on behalf of Ron White; Robin Williams Trust; Brave Lion, Inc., on behalf of Andrew Clay Silverstein a/k/a Andrew Dice Clay; Nick Di Paolo, individually and on behalf of Acid Tongue, Inc.; and Mary Reese Hicks, individually and on behalf of Arizona Bay Production Co., Inc. (collectively, the Plaintiffs) Joinder in Motion to Dismiss by Counterclaim Defendant Word Collections, Inc. (WC) (Joinder Motion).

## INTRODUCTION

There is an old legal aphorism that says: "When the law is on your side, pound the law. When the facts are on your side, pound the facts. When neither is on your side, pound the table." Plaintiffs' Joinder Motion contains strenuous table-pounding and nothing else. Despite their promise to submit their own additional "[p]oints and [a]uthorities in support of" Word Collections' independent, separately filed motion to dismiss Pandora's antitrust counterclaims, the Plaintiffs' "joinder" brief offers nothing of the sort. Nowhere within Plaintiffs' memorandum do they make a single relevant point or cite a single case on any point, relevant or not. Rather, the Plaintiffs have submitted a five-page diversionary tirade that does not even contain a single sentence specifying the extent to which they join in WC's motion or the basis for doing so. Instead, the claimed "joinder" flings conclusory insults at Pandora, deriding Pandora's counterclaims as "pre-textual" in nature and its relief sought as "respectfully, inane." Joinder Mot. at 2, 5. Nowhere do the Plaintiffs deign to offer any authority suggesting that their hurt feelings equal legally cognizable grounds for dismissal of Pandora's well-pled antitrust counterclaims. As Pandora lays out below,

and as the Plaintiffs' failure to cite a single case portended, there is none.[1]

But the Joinder Motion should be turned aside for the additional reason that it is an improper attempt by the Plaintiffs to rehash their own copyright infringement claims—and in the process mischaracterize Pandora's Answer and defenses to those claims. The Plaintiffs have now filed more than 150-pages by way of Complaints against Pandora; if nothing else, they have had ample opportunity to pontificate as to the purported bases for their copyright claims. That the Plaintiffs clearly do not like what Pandora had to say in response does not legitimize their effort to litigate the merits of those claims via the guise of a "joinder" motion where the motion supposedly joined is directed at wholly different claims. Moreover, in attempting to divert the Court's attention away from their total failure to address the adequacy of Pandora's antitrust counterclaims as actually pled, Plaintiffs mischaracterize the law and facts related to their copyright claims, as well as the nature of Pandora's defenses to those claims. Not only are these unsupported arguments irrelevant, they are wrong. The Plaintiffs' Joinder Motion thus fails to establish (or even to seriously attempt to identify) a single inadequacy in Pandora's counterclaims. In any event, disputes over the merits of Plaintiffs' copyright claims are appropriately resolved not on a motion

---

[1] While the Plaintiffs decline to offer a single case in support of the Joinder Motion, they offer a raft of news articles in an attempt to present new factual allegations concerning Pandora's market share and unrelated litigations involving another streaming service. Joinder Mot. 3, 4 n.5-6. Unlike WC, which at least filed a request for judicial notice of various documents (most themselves improper candidates), the Plaintiffs simply cite materials without troubling to explain on what basis they purport to do so. Pandora opposes the implicit request for judicial notice of news articles, frequently deemed to be materials not noticeable where (as here) such articles are neither relied upon nor referred to in Pandora's counterclaims. *See, e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028-29 (C.D. Cal. 2015) (denying request for judicial notice of information contained in news articles because "often, the accuracy of information in newspaper articles and press releases cannot be readily determined and/or can be reasonably questioned"); *In re Am. Apparel, Inc. 2014 Derivative S'holder Litig.*, 2015 WL 12724070, at *10 (C.D. Cal. Apr. 28, 2015) ("[T]he Court cannot take judicial notice of the articles for the purpose of accepting the facts contained therein. The news articles are therefore not relevant for evaluating the allegations in the Complaint, and are improper subjects of judicial notice.").

1  to dismiss, but at summary judgment—and Pandora looks forward to disposing of
2  those claims at that time.

3  **LEGAL STANDARD**

4       On a motion to dismiss, the complaint's factual allegations are "taken as true[,]
5  and construed in the light most favorable to Plaintiffs." *Moore v. Mars Petcare US,*
6  *Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020). Such motions are denied when the
7  pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief
8  that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
9  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The applicable plausibility
10  standard "simply calls for enough facts to raise a reasonable expectation that
11  discovery will reveal evidence" to support the allegations. *Twombly,* 550 U.S. at 556.
12  In fact, a complaint "may proceed even if it strikes a savvy judge that actual proof of
13  [the] facts is improbable, and that a recovery is very remote and unlikely." *Id.*
14  (quotation cleaned); *see also, e.g., Starr v. Baca,* 652 F.3d 1202, 1216-17 (9th Cir.
15  2011) ("The standard at this stage of the litigation is not that plaintiff's explanation
16  must be true or even probable."). There is, moreover, "no special pleading rule
17  requiring greater factual specificity in antitrust cases." *Momento, Inc. v. Seccion*
18  *Amarilla USA*, 2009 WL 10696217, at *1 (N.D. Cal. Sept. 17, 2009); *accord Newcal*
19  *Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008).

20       Courts allow one party to join in a motion brought by another when "either (1)
21  the parties are so similarly situated that filing an independent motion would be
22  redundant, or (2) the party seeking joinder specifically points out: which parts of the
23  motion apply to the joining party, the joining party's basis for standing, and the
24  factual similarities between the joining party and moving party that give rise to a
25  similar claim or defense." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138,
26  1151-52 (C.D. Cal. 2016) (citations omitted).

27

28

# ARGUMENT

**I.  The Bulk Of The Joinder Motion Argues The Disputed Factual Bases For The Plaintiffs' Copyright Claims, None Of Which Justifies Dismissal Of Pandora's Counterclaims.**

Clearly unable to muster any valid argument as to why Pandora's antitrust counterclaims should be dismissed, the Plaintiffs resort to *ad hominem*-styled accusations, depicting Pandora's well-pled claims as "vindictive" and "designed to intimidate." Joinder Mot. at 1-2. As discussed further below, Plaintiffs fail to support these assertions with any facts or law. Instead, they spend most of the Joinder Motion arguing their belief that their underlying "copyright infringement lawsuits are . . . supported by the facts and the law[.]" *Id.* at 5. Building to that conclusion, the Plaintiffs repeat and amplify various irrelevant allegations and arguments: from their assessment of the U.S. Copyright Act and rights thereunder (Joinder Mot. 4-5) to the assertion that Pandora "got together" with other digital service providers to strike a "secret agreement" regarding industry custom and practice for licensing recorded comedy (*id.* at 3-4).[2]

Whether mere regurgitation of false allegations in Plaintiffs' Amended Consolidated Complaint or a backdoor attempt to amend its operative pleading, this Court has previously held resolution of disputed factual allegations is "inappropriate for decision on a motion to dismiss." *Stevens v. Britax Child Safety, Inc.*, 2021 WL 4706702, at *6 (C.D. Cal. July 13, 2021) (J. Scarsi); *see also Antablin v. Motion*

---

[2] Surprisingly, the Plaintiffs state (without citation) that Pandora is the party that made this allegation. Joinder Mot. at 3. Saying something appears in Pandora's counterclaims does not, however, make it so—and the error is particularly obvious in light of Pandora's allegation that the "industry custom and practice" at play "predat[ed] Pandora by many decades." Counterclaims ¶ 41; *see also* Answer & Defenses at 2 (referring to "many decades" of record labels, home video companies, and others performing, copying and distributing comedy material). Contrary to Plaintiffs' mischaracterizations, this "industry custom and practice" refers to decades of widespread and consistent custom and practice in the *comedy* industry, and not merely with respect to streaming services.

*Picture Costumers, Loc. #705*, 2021 WL 4731339, at *5 (C.D. Cal. Feb. 16, 2021) (J. Scarsi) ("Whether the causes animating Plaintiff's [inspection claim under the Labor Management Reporting and Disclosure Act] meet the legal standard is a question of fact inappropriate for determination on a motion to dismiss."). The Court should hold the same here.

More egregiously, the Plaintiffs not only seek to amplify their own distinct copyright infringement claims through the improper vehicle of a motion to dismiss Pandora's antitrust claims—they also ignore and distort Pandora's pleadings. Two ready—but far from exhaustive—examples: the Plaintiffs assert that Pandora does not claim that it had a license to exploit the works asserted against it and does not claim to have paid the Plaintiffs for exploitation of those works. Joinder Mot. at 1. Pandora's vigorous dispute of exactly those two points appear at, *inter alia*, Answer & Defenses at ¶¶ 21-24, 38-40, 52-54, 66-68, 80-83, 94-96, 112-14, 123-28, 136, 139-41; Counterclaims at ¶¶ 2, 6, 35, 40-43. Pandora's counterclaims could not be any clearer, explaining that "Pandora has always taken licenses for the comedy recordings that it offers, and through those licenses has obtained (either explicitly or implicitly) all of the rights it needs to stream those recordings." Counterclaims ¶ 41. And "since it began playing comedy and other spoken-word recordings, Pandora has paid out millions of dollars each year in royalties for the use of those recordings to record labels and SoundExchange, which, in turn, should be paying the comedians"—this in stark contrast to other outlets that "pay nothing at all to comedians." Answer & Defenses at 4 n.1; *see also* Counterclaims ¶¶ 2, 31, 41.

In the most charitable interpretation available based upon the content of the Joinder Motion, Plaintiffs seem to be arguing that Pandora's antitrust counterclaims should be dismissed because Plaintiffs believe Pandora is liable for copyright infringement. Indeed, Plaintiffs go so far as to argue that the antitrust remedies sought by Pandora, including a ruling that the Plaintiffs' copyrights—to the extent

they own any—are unenforceable against Pandora until such time as Plaintiffs cease violating the antitrust laws, are "respectfully, inane" merely because Plaintiffs allege their copyrights were infringed. As a preliminary matter, this argument is a *non sequitur*. Moreover, Plaintiffs have things precisely backwards. Under the doctrine of copyright misuse, a copyright owner's anticompetitive (or otherwise improper) conduct may render its copyrights unenforceable until such time as the conduct ceases. Notably, the misuse defense to copyright infringement is available even where that anticompetitive conduct does not give rise to actionable antitrust claims. *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520-21 (9th Cir. 1997). In light of these established legal principles, it should come as no surprise that the imaginary, contrary rule advanced by Plaintiffs—that their antitrust violations may not even be considered because they claim their copyrights were infringed—has never been recognized by any court, and Plaintiffs certainly cite no precedent for their table-pounding argument.

## II.   Even Where The Plaintiffs Discuss Pandora's Counterclaims, They Offer No Cognizable Grounds For Dismissal.

As best Pandora can discern, the only arguments the Plaintiffs advance as grounds for dismissal of Pandora's antitrust counterclaims are: (1) the counterclaims are "retaliatory"; and (2) late. These arguments are not only free of any legal authority (a notable absence given the 10 weeks the Plaintiffs had to prepare the Joinder Motion), they are also in tension with one another, as well as contradicted by the very same WC brief that the Plaintiffs seek to join.

To start, courts in the Central District of California do not recognize any means by which simply crying "retaliation" provides the basis for dismissal of a counterclaim. *See Rivas v. Coverall N. Am., Inc.*, 2019 WL 6332245, at *3 (C.D. Cal. July 12, 2019) (declining motion to dismiss counterclaim accused of being "blatantly retaliatory"). The same holds true outside this district, where courts view parties advancing grievances like the Plaintiffs' as "ignor[ing] the realities of the adversarial

process and the structure of the Federal Rules of Civil Procedure." *Burke v. Cumulus Media, Inc.*, 2017 WL 783466, at *2 (E.D. Mich. Mar. 1, 2017). At bottom, "[t]he filing of non-frivolous, mandatory or permissive counterclaims cannot form the basis of a claim of retaliation…" *Id.* Nor is there anything insidious, or even unusual, in copyright infringement claims proceeding alongside antitrust counterclaims in the same proceeding. The Plaintiffs brought their claims, and Pandora answered. Pandora has also filed counterclaims, which the Plaintiffs' Joinder Motion nowhere argues were insufficiently pled. This failure was clearly not a mere oversight, as the Joinder Motion demonstrates some understanding of Pandora's counterclaims, including the impropriety of WC's consolidation of exclusive rights—to which the Plaintiffs respond that WC was too small to wield power—and the unlawful conspiracy to fix prices—to which they snipe that Pandora's actions on this front are "ironic." *See* Joinder Mot. at 2-3 & n.3. To the extent the Plaintiffs dispute Pandora's factual allegations against them, the proper place to state those disagreements is an answer; they should be ordered to file one.

Next, and inconsistently, the Plaintiffs appear to suggest that Pandora could have brought viable antitrust claims against them and WC, but only if Pandora had done so prior to Plaintiffs' filing of their copyright infringement claims. It is lost on Pandora how its antitrust claims would have been sufficient, apparently but for the fact that Pandora elected to bring them pursuant to the federally recognized procedural mechanism of counterclaims. Moreover, while Pandora brings its claims too late for the Plaintiffs' liking, WC criticizes Pandora for lodging the same claims too soon. *See* Mot. to Dismiss at 8-9 (claiming that Pandora lacks standing because it first needs to suffer payment of the extortionate fees demanded by WC). They are both wrong. Plaintiffs do not articulate any legal basis for claiming that Pandora waited too long to file its antitrust claims. In any event, the statute of limitations on

those claims is four years, 15 U.S.C. § 15b, and Pandora has standing to pursue those claims for the reasons explained in its concurrently filed opposition to WC's brief.[3]

## III. Plaintiffs Fail to Meet Their Burden to Establish Proper Motion Joinder.

As noted above, there are two possible proper grounds for the Plaintiffs to join WC's motion to dismiss: "either (1) the parties are so similarly situated that filing an independent motion would be redundant, or (2) the party seeking joinder specifically points out: which parts of the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and moving party that give rise to a similar claim or defense." *Tatung Co.*, 217 F. Supp. 3d at 1151-52 (citations omitted). In the Joinder Motion, Plaintiffs do not even attempt to establish either one of these grounds. If the Plaintiffs view themselves as "so similarly situated" to WC "that filing an independent motion would be redundant," it is incumbent on them as the party seeking joinder to articulate that. *Id.* They fail to. Nor do they provide, in the alternative, "sufficient notice" of which grounds for dismissal by WC they "wish[] to join." *Id.* at 1152. Such notice "is not an unimportant technicality, but a vital procedural safeguard"; without it, both Pandora and the Court are "left to guess how and why the motion[] sought to be joined appl[ies]" to the Plaintiffs. *Id.* (denying notice of joinder); *see also United States v. Cerna*, 2011 WL 500229, at *12 (N.D. Cal. Feb. 9, 2011) (denying joinder motions "totally devoid of

---

[3] Insofar as Plaintiffs seem to argue that Pandora's counterclaims should be dismissed because Pandora does not also name as defendants individual comedians (or estates) who were not parties to the initiating copyright infringement suit (*see* Joinder Mot. at 3), that is of no moment. It is well-established that a party asserting antitrust claims against a cartel is not required to bring claims against every member of the cartel, including because—as the Ninth Circuit explained—"[a]ntitrust conspirators are liable for the acts of their co-conspirators," meaning it "therefore follows that a plaintiff is not required to sue all of the alleged conspirators inasmuch as antitrust coconspirators are jointly and severally liable for all damages caused by the conspiracy." *Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015) (internal citations and quotations omitted) (abrogated on other grounds by *Sperring v. LLR, Inc.*, 995 F.3d 680, 681 (9th Cir. 2021)).

explanation as to why any of the [motions sought to be joined] apply"). The Plaintiffs' Joinder Motion should be denied on this basis alone.

## CONCLUSION

For the reasons set forth above, the Plaintiffs' Joinder Motion should be denied.

Dated:  August 5, 2022

MAYER BROWN LLP
PAUL M. FAKLER
JACOB B. EBIN
ALLISON AVIKI
WILLIAM H. STALLINGS
CHRISTOPHER J. KELLY
JOHN NADOLENCO
DANIEL D. QUEEN
MEERIM NEHME


By: */s/ Paul M. Fakler*
        Paul M. Fakler


MAYER BROWN LLP
WILLIAM H. STALLINGS (*pro hac vice*)
*wstallings@mayerbrown.com*
1999 K Street, NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 262-3300

MAYER BROWN LLP
CHRISTOPHER J. KELLY (SBN 276312)
*cjkelly@mayerbrown.com*
Two Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant
PANDORA MEDIA, LLC