UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-00809-MCS-MAR | Date August 30, 2022 |
| Title *In re Pandora Media, LLC Copyright Litigation* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: CASE SCHEDULE

The Court held a scheduling conference on August 29, 2022. Following discussion with the parties, the Court will set a schedule giving the parties a year for fact discovery and four months for expert discovery. The Court will set specific dates in a separate order. Based on the likelihood that pretrial litigation will resolve many issues, the Court declines to set a final pretrial conference or trial date at this time.

The Court recognizes that the complexity of this case may make it difficult to comply with the current discovery timeline. The Court thus offers specific observations regarding its practice for modifying the case schedule. "[A]ny request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by good cause demonstrating why the change in date is *essential*." (Initial Standing Order § 4, ECF No. 7 (emphasis added).) The Court derives this language from the rule that the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). Central to this inquiry is the diligence of the party seeking an extension. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

      The Court often determines diligence primarily by looking to whether the parties timely tried to ventilate discovery issues before the Magistrate Judge. Consistent with the statements at the August 29 scheduling conference, the Court will not grant any stipulation, application, or motion to modify the case schedule without the party or parties demonstrating they brought the issue before the Magistrate Judge or an explanation of why it would have been impossible to bring the issue before the Magistrate Judge before the deadline set by the Court.

**IT IS SO ORDERED.**