UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00809-MCS-MAR (CONSOLIDATED ACTION) | Date | January 31, 2023 |
|---|---|---|---|
| Title | *In re Pandora Media, LLC Copyright Litigation* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: COUNTERCLAIM DEFENDANT'S MOTION TO STAY DISCOVERY (ECF NO. 100)**

Counterclaim Defendant Spoken Giants, LLC moved to stay discovery sought by Counterclaimant Pandora Media, LLC pending resolution of Spoken Giants' motion to dismiss Pandora's counterclaims. (Mot., ECF No. 100.)  Counterclaim Defendant Word Collections, Inc. joined the motion. (Joinder, ECF No. 101.) Pandora opposed the motion, (Opp'n, ECF No. 122), and Spoken Giants replied, (Reply, ECF No. 123).  The Court deems the motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.     Background

Spoken Giants filed a motion to dismiss Pandora's counterclaims on December 19, 2022. (Mot. to Dismiss, ECF No. 102.)  Spoken Giants requests a stay of discovery pending a resolution of that motion, the hearing for which is scheduled for March 6, 2023. (*Id.*)

---

## II.     Legal Standard

"It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *NMS 1539, LLC v. City of Santa Monica*, No. 2:20-cv-11318-FLA (JPRx), 2022 WL 3575311, at \*1 (C.D. Cal. July 26, 2022) (internal quotation marks omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* (cleaned up); *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (concluding that staying discovery simply because a dispositive motion is under consideration would be "directly at odds with the need for expeditious resolution of litigation" (internal quotation marks omitted))

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise this discretion, a court should examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: 1) "the possible damage which may result from the granting of a stay," 2) "the hardship or inequity which a party may suffer in being required to go forward," and 3) "the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

## III.     Analysis

The first factor weighs against granting a stay. As an initial matter, any motion that risks delaying the course of litigation also carries a risk of prejudicing the nonmoving party. *See Trujillo v. Free Energy Sav. Co.*, No. 5:19-cv-02072-MCS-SP, 2020 WL 8028450, at \*2 (C.D. Cal. Nov. 2, 2020); *see also Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." (internal quotation marks omitted)). The risk of prejudice is greater in cases that have been consolidated because potential delay could affect all parties to the unified action, not just those involved in this motion. Finally, the hearing on Spoken Giants' motion is more than a month away. At this point, the Court cannot predict with any certainty when it may be able to issue an

order resolving the motion. Consequently, any stay could significantly curtail the period available to complete discovery before the August 28, 2023, discovery cutoff. (Order Re: Jury Trial § I, ECF No. 65.)

The second factor weighs against granting a stay. "Spoken Giants has explained that denying the requested stay would force it to expend potentially needless resources to respond to dozens of discovery requests—including more than sixty requests for production—nearly all of which would be mooted by a second dismissal." (Reply 6.) However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Further, while "Spoken Giants requests a stay of <u>*all*</u> discovery," it concedes it will still be subject to some discovery even if its motion to dismiss is granted. (Reply 2–3.) Consequently, even if the Court were to grant the motion to dismiss, the alleged hardship would not be completely eliminated, as Spoken Giants would still need to disclose information in response to a number of Pandora's discovery requests.

The third factor likewise counsels against a stay. This case is highly complex and involves several related cases, not to mention claims and counterclaims from more than a dozen parties. Maintaining a manageable and predicable calendar is an indispensable tool to facilitate the presentation of proof and efficiently resolve questions of law. Given the multidimensional nature of the suit, the Court is not willing to inject yet another confounding variable that risks complicating the case management process for all parties.

## IV.    Conclusion

For the reasons stated above, Spoken Giants' motion is DENIED.

**IT IS SO ORDERED.**