MAYER BROWN LLP
PAUL M. FAKLER (*pro hac vice*)
*pfakler@mayerbrown.com*
JACOB B. EBIN (*pro hac vice*)
*jebin@mayerbrown.com*
ALLISON AVIKI (*pro hac vice*)
*aaviki@mayerbrown.com*
1221 Avenue of the Americas
New York, New York  10020-1001
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
DANIEL D. QUEEN (SBN 292275)
*dqueen@mayerbrown.com*
MEERIM A. NEHME (SBN 322234)
*mnehme@mayerbrown.com*
333 S. Grand Avenue, 47h Floor
Los Angeles, California  90071-1503
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendant
Pandora Media, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No. 2:22-cv-00809-MCS-MAR |
| This Document Relates To: | CONSOLIDATED ACTION |
| ALL ACTIONS | **DECLARATION OF PAUL M. FAKLER IN SUPPORT OF PANDORA MEDIA, LLC'S OPPOSITION TO WORD COLLECTIONS, INC.'S MOTION FOR SANCTIONS** Filed Concurrently with Opposition to Motion For Sanctions. |

### DECLARATION OF PAUL M. FAKLER

I, Paul M. Fakler, declare as follows:

1.      I am a partner at Mayer Brown LLP and counsel of record for Pandora Media, LLC ("Pandora") in the above-entitled action.

2.      I have personal knowledge of the facts set forth below. If called upon to testify, I could and would competently testify to the facts set forth below. The below representations concern discovery communications between counsel in this action.

**Rule 11 Threats**

3.      As stated in my Declaration In Support of Pandora's Opposition to Counterclaim Defendants' Motions to Stay Discovery and Joinder, Dkt. No. 122-1, a call was convened among the parties' outside counsel on October 31 to discuss whether Pandora intended to file amended counterclaims after the Court's Order dismissing the original counterclaims against Word Collections and associated Plaintiffs. When I told them that Pandora intended to amend both sets of counterclaims, the discussions immediately turned hostile. All opposing counsel took the position that there was no possible way that Pandora could amend the counterclaims to address the issues raised by the Court in its Order. Mr. Busch went so far as to threaten a Rule 11 sanctions motion, without even seeing any amended pleadings. Counsel for Plaintiff Comedians, Word Collections, and Spoken Giants then all repeatedly demanded that I tell them specifically how Pandora intended to amend the counterclaims. As a preliminary matter, I am not aware of any obligation under the applicable rules to disclose in advance the substance of an amended pleading. But as a practical matter, this conference took place a mere three business days after the Court issued its ruling on the original Word Collections counterclaims—a timeline urged by opposing counsel. As I explained to counsel, my team was still working on collecting and selecting additional information and, precisely because Pandora intended to be careful and thoughtful in amending the

- 1 -

counterclaims, we were in no position to provide all of the specific changes on that call.

4.      Indeed, the need for time to carefully amend was the reason I proposed—as suggested by the Court in its Order—that the parties agree to a streamlined schedule for amendment of both sets of counterclaims. At that time, Spoken Giants and Mr. Black had not yet filed their planned motions to dismiss the counterclaims against them. Pandora could have waited until after Spoken Giants and Mr. Black filed those motions and then amended as of right. Instead, and specifically in order to avoid Spoken Giants and Mr. Black having to waste time and effort on motions that would be mooted, we proposed a deadline for both amended counterclaims that would be ten days later than the operative deadline for the Word Collections counterclaims, but significantly earlier than the operative deadline for the Spoken Giants counterclaims. I note that this was not any significant net advantage to Pandora. As I explained to counsel, if we were going to do a careful job of amending both sets of counterclaims, we needed more time than we would have if we amended the Word Collections counterclaims first and then turned to the Spoken Giants counterclaims. When I declined to tell them exactly how Pandora would amend, Opposing counsel took the position that they would not agree to any stipulation on streamlined timing of the amended pleadings unless Pandora first told them in advance what specific amendments would be made (and presumably also conditioned on their approval of those amendments). Although this was not a productive conversation, I stated that I would circulate a proposed stipulation for all parties' consideration.

5.      Shortly after the call, I received correspondence from counsel for Word Collections and Plaintiffs, re-iterating their demands that Pandora disclose its strategy for amending the counterclaims as a precondition for any cooperative stipulation on timing. A true and correct copy of this email correspondence is attached as Exhibit A. (Ex. A at 11-12). On November 1, 2022, and notwithstanding

the other parties' refusal to consider any cooperative agreement without prior disclosure of the amendments, Pandora circulated a proposed joint stipulation to counsel for all parties setting the schedule for its planned amendments. The parties continued to squabble, but at least began discussing the proposed schedule. Plaintiffs' counsel requested various changes to the wording of the stipulation, again threatened a Rule 11 motion, and also wanted to agree to a briefing schedule for a motion to dismiss that would push out the Counterclaim Defendants' time to file those motions into January of 2023 (Ex. A at 9).

6.      Over the course of November 1 and 2, Pandora agreed to certain requested edits to the language of the stipulation and ultimately all counsel agreed and that joint stipulation was filed with the Court on November 2, 2022, as Dkt. 85. The stipulation, which aligned the amendment deadline for each set of Pandora's counterclaims, would (and did) "obviate the need for Black and Spoken Giants to respond to the currently operative Spoken Giants Counterclaims." Dkt. 85 at 3-4. As a courtesy, Pandora provided that, in the event that Pandora ultimately decided against amending or withdrawing its Spoken Giants counterclaims, the time that Spoken Giants and Mr. Black had to respond to the original counterclaims would be extended (from November 16 to December 19, 2022) so they would not be disadvantaged by having entered into the stipulation. *Id.* at 4.

7.      From opposing counsels' conduct described above, including repeated threats of filing Rule 11 motions before ever seeing the amended pleadings, it is clear that Word Collections, Spoken Giants, and the associated Plaintiffs were always going to file motions for sanctions, irrespective of what Pandora actually did to amend the pleadings. Indeed, they all admitted that they had already pre-judged that there was nothing Pandora could do that would avoid their claims of Rule 11 violations. In almost twenty-five years of practice I have never encountered conduct like this from opposing counsel, and certainly have never been accused of unethical or unprofessional conduct of any kind.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York on February 13, 2023.

By: */s/ Paul M. Fakler*
Paul M. Fakler

Attorney for Defendant
PANDORA MEDIA, LLC