MAYER BROWN LLP
PAUL M. FAKLER (*pro hac vice*)
*pfakler@mayerbrown.com*
JACOB B. EBIN (*pro hac vice*)
*jebin@mayerbrown.com*
ALLISON AVIKI (*pro hac vice*)
*aaviki@mayerbrown.com*
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

*Attorneys for Defendant Pandora Media, LLC*

*Additional counsel listed on the following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No. 2:22-cv-00809-MCS-MAR |
| This Document Relates To: | CONSOLIDATED ACTION |
| ALL ACTIONS | **JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS** |
| | [*Declaration of Allison Aviki; Declaration of Richard S. Busch; Proposed Order filed concurrently herewith*] |
| | Hon. Mark C. Scarsi |
| | Courtroom: 7C |

MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
MICHAEL A. CALVANICO (SBN 344792)
*mcalvanico@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant
Pandora Media, LLC*

KING & BALLOW
RICHARD S. BUSCH (SBN 319881)
*rbusch@kingballow.com*
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Telephone: (434) 253-1255
Facsimile: (888) 688-0482

*Attorney for Plaintiffs Yellow Rose Productions, Inc.; Main Sequence Ltd.; Ron White, Inc.; Robin Williams Trust; Brave Lion, Inc.; Nick Di Paolo; Mary Reese Hicks; Lewis Black; and George Lopez*

1  Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Yellow Rose
2  Productions, Inc., on behalf of Bill Engvall; Main Sequence, Ltd.; Ron White, Inc.,
3  on behalf of Ron White; Robin Williams Trust; Brave Lion, Inc., on behalf of
4  Andrew Clay Silverstein a/k/a/ Andrew Dice Clay; Nick Di Paolo, individually and
5  on behalf of Acid Tongue, Inc.; Mary Reese Hicks, individually and on behalf of
6  Arizona Bay Production Co. Inc.; Lewis Black; and George Lopez (collectively,
7  "Plaintiffs"), along with Defendant Pandora Media, LLC ("Pandora" and with
8  Plaintiffs, the "Parties"), through their counsel, submit this joint stipulation to
9  continue the pretrial dates by approximately six months, to move the expert discovery
10 deadlines to dates after the completion of fact discovery, and to set a briefing and
11 hearing schedule on motions for summary judgment.
12 **WHEREAS**, on August 30, 2022, the Court entered the trial schedule in this
13 Action. [ECF Nos. 64, 65];
14 **WHEREAS**, the Court stated in its Order regarding Case Schedule [ECF No.
15 64] that it "recognizes that the complexity of this case may make it difficult to comply
16 with the current discovery timeline";
17 **WHEREAS**, the Court may modify the schedule for "good cause" under
18 Federal Rule of Civil Procedure 16(b)(4), and whereas the "good cause" standard
19 primarily considers the parties' diligence in meeting the existing scheduling
20 deadlines, *see* ECF No. 64; *see also Cal. Ins. Guarantee Ass'n v. Burwell*, 2016 WL
21 3360955, at *3 (C.D. Cal. June 14, 2016). Requests to modify the schedule "must be
22 supported by good cause demonstrating why the change in the date is essential." *See*
23 ECF No. 7 at §4;
24 **WHEREAS**, as set forth below in greater detail, the Parties each respectfully
25 submit that they have been diligent in their attempts to meet the current discovery
26 deadlines and that the requested extension is essential to allowing the Parties to
27 present their respective cases to the Court.
28

- 1 -

JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND
HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS
CASE NO. 2:22-CV-00809-MCS-MAR

Case 2:22-cv-00809-MCS-MAR   Document 171   Filed 06/09/23   Page 4 of 16   Page ID #:3838

## Plaintiffs' Showing of Good Cause

**WHEREAS**, since discovery opened upon the Parties holding their Rule 26(f) conference on August 5, 2022, Plaintiffs have worked diligently in an attempt to complete discovery by the current August 28, 2023 discovery cutoff. Each of the eight original Plaintiffs served document requests, requests for admission, and interrogatories on Pandora on August 23, 2022, in advance of the Parties' Rule 16 Scheduling Conference held on August 29, 2022. Busch Decl. ¶ 3;

**WHEREAS**, the Parties met and conferred regarding a proposed Stipulated Protective Order on September 26, 2022, and agreed to a revised Stipulated Protective Order that was entered by the Parties on October 5, 2022, and Ordered by Magistrate Judge Rocconi on October 13, 2022. Busch Decl. ¶ 4;

**WHEREAS**, Plaintiffs agreed to a separate Expert Stipulation proposed by then-counterclaim defendant Word Collections, which was entered by the Parties on February 27, 2023, and ordered by Magistrate Judge Rocconi on March 7, 2023. Busch Decl. ¶ 5;

**WHEREAS,** Plaintiffs agreed to a proposed ESI protocol, which was entered by the Parties on January 13, 2023, and ordered by Magistrate Judge Rocconi on January 18, 2023. Busch Decl. ¶ 6;

**WHEREAS**, the Parties, including then-counterclaim defendant Word Collections, served their initial disclosures on August 19, 2022; Pandora served Amended Initial Disclosures on January 13, 2023, and Plaintiffs served Amended Initial Disclosures on October 14, 2022. Busch Decl. ¶ 7;

**WHEREAS**, Plaintiffs have, to date, collectively served on Pandora 160 document requests, 210 requests for admission, and 69 interrogatories. Busch Decl. ¶ 8. Plaintiffs have been diligent in their pursuit of responses to these discovery requests, and the Parties have continuously attempted to amicably resolve their ongoing discovery disputes. Plaintiffs have engaged in extensive detailed

- 2 -

JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND
HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS
CASE NO. 2:22-CV-00809-MCS-MAR

correspondence with counsel for Pandora, including exchanging multiple Rule 37-1 Letters, and conducted numerous lengthy telephonic meet and confers regarding these disputes. Busch Decl. ¶ 8. After exhausting their significant efforts to resolve their discovery disputes informally, the Parties received permission from Magistrate Judge Rocconi to file briefs regarding the parties' competing motions for a protective order and motion to compel discovery directed at Pandora's licensing of works other than comedy, which Plaintiffs seek as relevant to Pandora's defenses. The Parties have agreed to a joint briefing schedule for the filing of their joint stipulations per Local Rule 37-1, and will submit to the Court a joint stipulation for a coordinated briefing schedule in tandem with this joint stipulation. Busch Decl. ¶ 8;

**WHEREAS**, Plaintiffs have served 17 third-party subpoenas, and have been equally diligent in their pursuit of responses to these subpoenas. Busch Decl. ¶ 9. Given Pandora's ongoing assertion of "industry custom and practice" as a focal point of Pandora's defenses (including its implied license defense), third-party discovery is particularly relevant to Plaintiffs' response to Pandora's defenses in this case. Given the importance of these issues to the fair adjudication of this lawsuit, the full extent of Plaintiffs' need for further third-party discovery may become apparent as discovery progresses, and will be determined by both the Court's Orders regarding Plaintiffs' pending motion to compel discovery related to Pandora's licensing of content other than comedy, and Pandora's document production. Busch Decl. ¶ 9;

**WHEREAS**, while Plaintiffs were not involved with Pandora's discovery disputes with then-counterclaim defendants Word Collections or Spoken Giants, Plaintiffs understand that Pandora engaged in extensive discussions regarding their discovery requests prior to the Court's dismissal of Pandora's counterclaims. Busch Decl. ¶ 10;

**WHEREAS**, Parties have met and conferred regarding Pandora's proposed search terms for document production, and on May 8, 2023 agreed to use the search

- 3 -

terms Pandora provided in a counterproposal on April 26, 2023. Busch Decl. ¶ 11;

**WHEREAS**, Plaintiffs have been diligent in responding to Pandora's discovery requests, and are in the process of collecting and producing responsive documents from 35 custodians for Plaintiffs. Busch Decl. ¶ 12. Plaintiffs document collection and production is a necessarily complex procedure given the large number of custodians, and the irregular nature of the record-keeping of some Plaintiffs who are individuals rather than businesses. Plaintiffs have also provided responses and objections to the interrogatories served on each Plaintiff, and have conducted extensive, hours-long meet and confers regarding their responses. Plaintiffs have agreed to provide additional information to various interrogatories in an effort to resolve and avoid additional discovery motion practice, and are currently in the process of finalizing and serving supplemental responses to provide that additional information. Busch Decl. ¶ 12;

**WHEREAS**, given the size and timing of the Parties' document productions, the Parties' ongoing meet and confers regarding written discovery and document production, and the pending briefing regarding the Parties' respective motion for a protective order and motion to compel, the Parties have been unable to begin fact witness depositions. Despite the Parties' diligence in conducting discovery, additional time is needed for all Parties to conduct further investigation for written discovery; review and produce documents; conduct additional meet and confers with each other and nonparties regarding the production of documents and responses to requests for admission and interrogatories; brief discovery disputes, including the Parties' pending motion for a protective order and motion to compel and any other briefing on ongoing discovery issues that the Parties may escalated to Magistrate Judge Rocconi; prepare for and take fact witness depositions; serve initial and rebuttal expert reports; and conduct expert depositions. Busch Decl. ¶ 13;

**WHEREAS**, given the centrality and importance of the Parties' discovery

- 4 -

dispute regarding the relevance of Pandora's licensing of works other than comedy to Pandora's affirmative defenses, and the interrelated nature of the Parties' respective motion for a protective order and motion to compel discovery related to that licensing, the Parties are submitting to the Court a joint stipulation with an agreed joint briefing schedule for the two motions, and requesting a hearing date of August 2nd. The Parties believe that this briefing schedule is necessary to provide sufficient time for the Parties to adequately address this critical issue, and that the current close of fact discovery does not provide sufficient times for the Parties to brief these issues, and for Magistrate Judge Rocconi to hear and rule on these motions. Busch Decl. ¶ 14;

**WHEREAS**, the Parties agree that a deadline for the substantial completion of document production would be worthwhile, to allow the Parties to prepare for and conduct depositions with the benefit of a largely complete set of produced documents, to avoid or at least mitigate the need for depositions to be kept open or continued in light of facts discovered in later-produced documents. Busch Decl. ¶ 15;

**WHEREAS**, Parties' initial expert reports are currently due to be served before the close of fact discovery, *see* ECF No. 65, but the Parties agree that the ongoing nature of discovery, particularly document production, would make it substantially difficult or impossible for their experts to prepare their reports without the benefit of a fully developed and complete factual record, and would likely result in the need for the preparation of supplemental reports at additional expense to all Parties. Busch Decl. ¶ 16. As such, the Parties agree that it would be beneficial to have a case schedule that provides expert disclosure and discovery deadlines after the close of fact discovery. Busch Decl. ¶ 16;

**WHEREAS**, given the complexity of this case, the Parties have agreed that a stipulated briefing and hearing schedule on any potential motions for summary judgment would be beneficial for both parties, and advance the interests of justice by

allowing each party additional time beyond the Local Rules' default schedule to thoroughly and completely address the issues raised in such briefing. Busch Decl. ¶ 17;

**WHEREAS**, the Parties met and conferred on May 24, 2024 and May 30, 2023 regarding reasonable changes to the current pretrial deadlines and agree that, for the reasons discussed above, good cause under Rule 16 exists for a continuance of the pretrial deadlines, and that such a continuance would be in the interest of justice by allowing the parties to provide full and complete discovery responses, thoroughly develop the factual record for the benefit of Parties' experts, and allow for the complex issues in this case to be fully considered and addressed, whether at summary judgment or at trial. Busch Decl. ¶ 18; and

**WHEREAS**, this is the first request by any Party for a continuance of the case schedule. Busch Decl. ¶ 19;

## Pandora's Showing of Good Cause

**WHEREAS**, Pandora respectfully submits that it has worked diligently in an attempt to complete discovery by the current August 28, 2023 fact discovery cutoff. Consistent with the Court's recommendation that the Parties propound discovery before the Parties' Rule 16 Scheduling Conference, *see* ECF No. 7 at §8.b, Pandora commenced discovery by serving eight sets of document requests on the eight (at that time) Plaintiffs on August 10, 2022—19 days before the Scheduling Conference held on August 29, 2022. Aviki Decl. ¶ 3. Subsequently, on August 23, 2022, an additional Plaintiff filed a suit, which was consolidated with the others, and Pandora promptly served document requests on this party on September 13, 2022. Aviki Decl. ¶ 3. Pandora filed counterclaims against Word Collections, Inc. ("WC") on May 5, 2022, and Spoken Giants, LLC ("SG") on September 26, 2022, and Pandora promptly served document requests on those additional Parties as well. Aviki Decl. ¶ 3;

**WHEREAS**, on August 24, 2022, Pandora shared a proposed Stipulated

- 6 -

JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS
CASE NO. 2:22-CV-00809-MCS-MAR

Protective Order with the Parties, followed up with the Parties regarding the proposed Protective Order on September 6, 12, and 20, 2022, and met and conferred with the parties regarding the Stipulated Protective Order on September 26, 2022, following which Pandora circulated a revised proposed Stipulated Protective Order on September 28, 2022. Aviki Decl. ¶ 4. The Stipulated Protective Order was entered by the Parties on October 5, 2022, and Ordered by Magistrate Judge Rocconi on October 13, 2022. Aviki Decl. ¶ 4;

**WHEREAS**, on September 20, 2022, then-party WC proposed a separate Expert Stipulation and offered to prepare an initial draft for the Parties' review. Aviki Decl. ¶ 5. Pandora followed up with WC regarding the Expert Stipulation on October 3 and 17, 2022, and WC circulated a proposed Expert Stipulation on October 24, 2022. Aviki Decl. ¶ 5. After providing its own comments and proposed edits in November, Pandora followed up with the Parties regarding the proposed Expert Stipulation on December 13, 2022; January 10, 13, 18, and 27, 2023; and February 15, 24, and 27, 2023; the Expert Stipulation was entered by the Parties on February 27, 2023 and ordered by Magistrate Judge Rocconi on March 7, 2023. Aviki Decl. ¶ 5;

**WHEREAS**, on September 22, 2022, Pandora circulated a proposed ESI Protocol to the Parties and followed up with the Parties on October 3 and 19, 2022; November 28, 2022; December 5 and 13, 2022, and January 4, 5, 10, and 11, 2023. Aviki Decl. ¶ 6. The ESI Protocol was entered by the Parties on January 13, 2023 and ordered by Magistrate Judge Rocconi on January 18, 2023. Aviki Decl. ¶ 6;

**WHEREAS**, Pandora, Plaintiffs, and WC each served their initial disclosures on August 19, 2022; Pandora served Amended Initial Disclosures on January 13, 2023, and Plaintiffs served Amended Initial Disclosures on October 14, 2022. Aviki Decl. ¶ 7. SG's initial disclosures were due on October 28, 2022; however, SG did not serve its initial disclosures until December 23, 2022, after Pandora had followed

up to request them multiple times. Aviki Decl. ¶ 7;

**WHEREAS**, to date, Pandora has served 16 interrogatories and 86 document requests on *each* of the nine Plaintiffs, along with 9 interrogatories and 159 document requests on then-counterclaim defendants WC and SG. Aviki Decl. ¶ 8. Pandora has also engaged in numerous, hours-long meet and confers over several months, with both Plaintiffs and then-counterclaim defendants WC and SG, and escalated multiple issues with then-party WC's discovery responses and objections to Magistrate Judge Rocconi on January 20, 2023, and multiple issues with Plaintiffs' discovery responses and objections on May 19, 23, and 31 2023, including an issue regarding whether Plaintiffs should be prohibited from seeking discovery into the licensing of musical works, an issue that cuts across numerous of Plaintiffs' discovery requests and which Magistrate Judge Rocconi has given the Parties permission to brief through the Local Rule 37-1 joint stipulation process. Aviki Decl. ¶ 8;

**WHEREAS**, Pandora has also served 12 third-party subpoenas, including third-party subpoenas on WC and SG only 24 days after the Court dismissed them as parties (which necessitated re-starting anew the discovery process with those entities given their new status as nonparties and that certain discovery requests, such as interrogatories, may not be served on nonparties; as of yet, neither WC nor SG have produced any documents), and has engaged in numerous meet and confers with these third parties, including with King & Ballow as WC's new outside counsel for purposes of Pandora's subpoena. Aviki Decl. ¶¶ 10, 11. Pandora could not seek this third-party discovery at the beginning of the discovery period, due to the limitations on third-party discovery in Rule 45, but began that process in November 2022. Aviki Decl. ¶ 11. To date, the Parties have received 14 document productions from 10 third parties. Aviki Decl. ¶ 11. That said, the full extent of Pandora's need for third-party discovery cannot be determined until party discovery is closer to substantial completion. Aviki Decl. ¶ 11. This is especially true given the centrality of industry

custom and practice to various of Pandora's defenses. Aviki Decl. ¶ 11. Such industry custom and practice will inherently require significant additional third-party discovery. Aviki Decl. ¶ 11;

**WHEREAS**, on September 9, 2022, then-party WC suggested the use of a Search Protocol to facilitate document discovery and resolve many potential disputes; Pandora followed up requesting a proposed Search Protocol multiple times. Aviki Decl. ¶ 12. On October 17, 2022, WC's outside counsel from Cravath, Swaine & Moore LLP referred Pandora to WC's outside counsel at Bird Marella P.C. for all further correspondence; counsel from Bird Marella P.C. had not participated in correspondence with Pandora prior to this date, and counsel from Cravath, Swaine & Moore LLP did not respond to any correspondence after this date. Aviki Decl. ¶ 12. On December 1, 2022, WC sent a draft Search Protocol, to which Pandora proposed significant revisions on December 23, 2022. Aviki Decl. ¶ 12. Pandora elevated disputes regarding, in part, WC's proposed Search Protocol to Magistrate Judge Rocconi on January 20, 2023. Aviki Decl. ¶ 12;

**WHEREAS**, between September 15, 2022 and present, Pandora has sent ten Rule 37-1 Letters to Parties, many of which ultimately led to the resolution of discovery disputes that would otherwise have been brought before Magistrate Judge Rocconi. Aviki Decl. ¶ 13;

**WHEREAS**, Pandora believes it has also been diligent in addressing Plaintiffs' discovery requests, in an attempt to meet the current fact discovery cutoff. Aviki Decl. ¶ 14. Pandora has produced 6,708 pages of documents through four document productions, dated November 17, 2022, December 27, 2022, April 7, 2023, and June 2, 2023, and has provided responses and objections to multiple sets of interrogatories, document requests, and requests for admission from each of the nine Plaintiffs and also to discovery requests from then-party WC. Aviki Decl. ¶ 14. It has also engaged in multiple, hours-long meet and confers over several months regarding Plaintiffs'

1 discovery requests. Aviki Decl. ¶ 14;

2     **WHEREAS**, Pandora believes it has been diligent in its discovery efforts, including third-party discovery, and addressing Plaintiffs' discovery requests, but the process has taken longer, in part, because Pandora has had to engage in multiple rounds of extensive briefing on a variety of motions, including oppositions to two motions to dismiss by WC and one motion to dismiss by SG, and joinders to those motions by Plaintiffs; oppositions to two sanctions motions (which were denied) and joinders to those motions; and an opposition to a motion to stay discovery by then-counterclaim defendant SG, joined by then-counterclaim defendant WC. Aviki Decl. ¶ 15;

11     **WHEREAS**, given the size and timing of the Parties' document productions and that the Parties continue to meet and confer regarding written discovery responses and objections, the Parties have not been in a position to take fact witness depositions. Aviki Decl. ¶ 16. Pandora has to date received a total of three document productions from two of the nine Plaintiffs, dated April 14, April 26, and May 15, 2023, and totaling 381 documents. Aviki Decl. ¶ 16. Thus, despite the Parties' diligence in conducting discovery, additional time is needed to review and produce documents; conduct further meet and confers on written discovery, including with each other and nonparties, in an effort to obtain production of the vast majority of documents responsive to existing document requests that have not yet been produced; serve any follow-up discovery based upon documents that have not yet been produced; brief discovery disputes before Magistrate Judge Rocconi and allow Magistrate Judge Rocconi time to rule on those disputes; prepare for and take fact witness depositions; serve initial and rebuttal expert reports; and conduct expert depositions. Aviki Decl. ¶ 16;

26     **WHEREAS**, the Parties agree that a deadline for them to substantially complete their document productions would be worthwhile so that depositions can

- 10 -

JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS
CASE NO. 2:22-CV-00809-MCS-MAR

be scheduled and prepared for with a near-complete universe of party documents. Aviki Decl. ¶ 17;

**WHEREAS**, the current trial schedule requires the Parties to serve their initial expert reports before the close of fact discovery, *see* ECF No. 65, but the Parties agree that their experts cannot prepare their reports without the benefit of a fully developed and complete factual record, which will also avoid the need and expense associated with experts providing supplemental reports, and for that reason, they desire a schedule whereby expert disclosures and discovery occurs after the close of fact discovery. Aviki Decl. ¶ 18. In particular, given the importance of industry custom and practice to Pandora's defenses, its experts cannot adequately prepare their opinions without the factual evidence obtained through the discovery process, particularly through evidence obtained from third party documents and depositions which will, by necessity, only be obtained in full near the end of fact discovery. Aviki Decl. ¶ 18;

**WHEREAS**, given the complexity of this case, the Parties desire a stipulated briefing and hearing schedule on any potential motions for summary judgment, which will advance the interests of justice by allowing each party additional time beyond the default schedule provided by the Local Rules to carefully and thoroughly address the opposing party's arguments, which should also assist the Court in its consideration of the arguments presented. Aviki Decl. ¶ 19;

**WHEREAS**, the Parties have met and conferred on May 24 and May 30, 2023 regarding reasonable changes to the current pretrial deadlines and agree that in light of the above, good cause exists within the meaning of Rule 16 for a continuance of the pretrial deadlines, and that such a continuance would be in furtherance of justice by allowing the truth-seeking purpose of discovery to be fully served and by ensuring proper consideration of the complex issues in this case on the merits, whether at summary judgment or trial. Aviki Decl. ¶ 20; and

1    **WHEREAS**, this is the first request by any Party for a continuance of the case schedule. Aviki Decl. ¶ 21;

    **IT IS HEREBY STIPULATED AND AGREED THAT**, by and between counsel for the undersigned Parties, and subject to the approval of the Court, the Parties agree as follows:

    1.    The pretrial deadlines and briefing and hearing schedule for summary judgment motions are amended as follows:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| *Deadline to Amend Pleadings or Add Parties* | None Set | August 28, 2023 |
| *Deadline for Parties to Substantially Complete Their Document Productions* | None Set | November 15, 2023 |
| *Non-Expert Discovery Cut-Off* | August 28, 2023 | February 28, 2024 |
| *Expert Disclosure (Initial)* | July 6, 2023 | March 29, 2024 |
| *Expert Disclosure (Rebuttal)* | September 25, 2023 | June 18, 2024 |
| *Expert Discovery Cut-Off* | November 6, 2023 | July 30, 2024 |
| *Deadline to File Motions for Summary Judgment* | Five weeks before hearing; at least seventeen weeks before Final Pretrial Conference | September 25, 2024 |
| *Deadline to File Oppositions to Motions for Summary Judgment* | Two weeks after Motion is filed; at least fifteen weeks before Final Pretrial Conference | October 23, 2024 |
| *Deadline to File Reply Motions for Summary Judgment* | One week after Opposition is filed; at least fourteen weeks before Final Pretrial Conference | November 13, 2024 |
| *Deadline to Complete Settlement Conference* | January 15, 2024 | December 13, 2024 |

- 12 -

JOINT STIPULATION TO CONTINUE PRETRIAL DEADLINES AND TO SET THE BRIEFING AND HEARING SCHEDULE FOR SUMMARY JUDGMENT MOTIONS
CASE NO. 2:22-CV-00809-MCS-MAR

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 9, 2022 | MAYER BROWN LLP |
| 3 | | */s/ Paul M. Fakler* |
| 4 | | Paul M. Fakler |
| 5 | | Attorney for Defendant Pandora Media, LLC |
| 6 | DATED: June 9, 2023 | KING & BALLOW |
| 7 | | */s/ Richard Busch* |
| 8 | | Richard Busch |
| 9 | | Attorney for Plaintiffs *Yellow Rose Productions, Inc.; Main Sequence Ltd.; Ron White, Inc.; Robin Williams Trust; Brave Lion, Inc.; Nick Di Paolo; Mary Reese Hicks; Lewis Black; and George Lopez* |

- 13 -

**FILER'S ATTESTATION**

Pursuant to local rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories to this document concur in the content of, and have authorized, this filing.

*/s/ Paul M. Fakler*
Paul M. Fakler