MAYER BROWN LLP
PAUL M. FAKLER (*pro hac vice*)
*pfakler@mayerbrown.com*
JACOB B. EBIN (*pro hac vice*)
*jebin@mayerbrown.com*
ALLISON AVIKI (*pro hac vice*)
*aaviki@mayerbrown.com*
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
MICHAEL A. CALVANICO (SBN 344792)
*mcalvanico@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant*
*Pandora Media, LLC*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. 2:22-cv-00809-MCS-MAR<br><br>CONSOLIDATED ACTION<br><br>**PANDORA MEDIA, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS (ECF NO. 186) TO DECLARATIONS AND EXHIBITS FILED WITH PANDORA'S SUPPLEMENTAL MEMORANDA**<br><br>Hon. Margo A. Rocconi<br><br>Date: August 9, 2023<br>Time: 11:00 AM<br>Discovery Cutoff: February 28, 2024<br>Pretrial Conference: November 18, 2024<br>Trial Date: December 3, 2024 |

Every single document Plaintiffs have filed in connection with the pending discovery motions has been replete with violations of the express terms of the Local Civil Rules and even orders of this Court, including by submitting flawed "expert" declarations purporting to analyze documents never produced in discovery and never disclosed during the pre-motion meet-and-confer process.[1] *See* ECF No. 178 at 17-21; ECF No. 183 at 4-5; ECF No. 185 at n.4. Because they are unable to respond to Pandora's evidence rebutting Plaintiffs' attempts to mislead the Court, Plaintiffs instead ask the Court to simply ignore that evidence by filing improper "Objections" to Pandora's submission of (i) the Aviki Declaration ISO Motion for a Protective Order, ECF No. 183-1 (the "Aviki Decl. ISO PO"); (ii) the Aviki Declaration ISO Motion to Compel, ECF No. 185-1 (the "Aviki Decl. ISO MTC"); and (iii) the exhibits attached thereto (collectively, the "Submissions"). But unlike Plaintiffs' repeated violations of the express provisions of the applicable Rules and Orders, the Submissions are plainly appropriate under the applicable precedent. Plaintiffs' Objections should be summarily overruled.

***Legally***, Local Rule 37 does not prohibit declarations and exhibits in support of a party's supplemental memorandum. *See, e.g*, *Sprengel v. Mohr*, 2012 WL 12885115, at *2 n.3 (C.D. Cal. Sept. 14, 2012) (denying oral motion made at hearing to strike declaration submitted with supplemental memorandum and stating: "[a]lthough L.R. 37-2.3 does not explicitly permit supplemental declarations and

---

[1] Even Plaintiffs' filing of their "Objections" violates the applicable rules. Plaintiffs cite Local Rule 37-2.3 as the only basis for filing their "Objections." However, that Rule only allows filing of supplemental memoranda in connection with discovery motions, and does not provide a vehicle to file such "Objections" to the other party's supplemental memorandum. Moreover, the Rule explicitly states that "[n]o other separate memorandum of points and authorities may be filed by either party in connection with the motion." And even if it could be construed as a supplemental memorandum, Plaintiffs filed the document after the deadline provided by the Local Rule. Plaintiffs' "Objections" filing really appears to be an improper motion to strike. But Plaintiffs did not follow any of the rules applicable to that motion practice either: they did not meet and confer with Pandora, they did not include a Notice of Motion, they did not file a proposed order, and they did not cite any rule or authority that would allow them to make such a filing. Plaintiffs' "Objections" should be overruled on this basis alone.

1

PANDORA MEDIA, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS (ECF NO. 186) TO DECLARATIONS AND EXHIBITS FILED WITH PANDORA'S SUPPLEMENTAL MEMORANDA
CASE NO. 2:22-CV-00809-MCS-MAR

exhibits, it also does not prohibit them"). As such, courts routinely allow such declarations and exhibits. *See, e.g.*, *Buffington v. Nestle Healthcare Nutrition Inc.*, 2019 WL 3069014, at *1 (C.D. Cal. Apr. 18, 2019) (considering supplemental declaration); *Fleming v. Unum Life Ins. Co. of Am.*, 2018 WL 6521498, *1 (C.D. Cal. Sept. 21, 2018) (considering, without objection or analysis, supplemental declaration and exhibits); *Grasshopper House, LLC v. Renaissance Recovery Servs.*, LLC, 2011 WL 13214102, at *1, n.3 (C.D. Cal. Mar. 30, 2011) (considering, without objection or analysis, supplemental declaration with exhibits).[2] Plaintiffs' contention to the contrary is belied by the text of Local Rule 37 and the above caselaw.

Similarly, declarations and accompanying exhibits submitted with a supplemental memorandum are particularly allowed where, like here, the party submitting them is the *moving party* who is using them to respond to the non-moving party's opposition arguments in the joint stipulation. *See Salinas v. Cornwell Quality Tools Co.*, 2020 WL 8028618, at *1 (C.D. Cal. Oct. 2, 2020) (allowing plaintiff's properly filed supplemental memorandum because it raised no new issues and "simply responded to points made by defendant in the Joint Stipulation" and instead declining to consider defendant's objection because it was "a late supplemental memorandum in response to plaintiff's Supplemental Memorandum").

Indeed, it is well-established that, for example on summary judgment: "[w]hile the general rule is that courts do not consider arguments or evidence raised for the first time on reply," courts do permit "movants to submit new evidence to rebut arguments [] raised for the first time in the nonmoving party's opposition." *Fowzer v. Cty. of San Bernardino*, 2018 WL 5880777, at *1 n.3 (C.D. Cal. Oct. 25, 2018); *Mejia v. Illinois Tool Works Inc.*, 2019 WL 8135433, at *3 (overruling the nonmoving party's objection and permitting evidence submitted for the first time in

---

[2] Indeed, earlier in this litigation Jeff Price submitted his own supplemental declaration and exhibits in support of then-party Word Collections, Inc.'s Supplemental Memorandum In Opposition to Pandora Media, LLC's Motion to Compel. *See* ECF No. 163-2.

2

PANDORA MEDIA, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS (ECF NO. 186) TO DECLARATIONS AND EXHIBITS FILED WITH PANDORA'S SUPPLEMENTAL MEMORANDA
CASE NO. 2:22-CV-00809-MCS-MAR

reply because it rebutted new arguments raised in opposition). Nothing in Local Rule 37-1 indicates that a different rule applies to a moving party's supplemental memorandum—which is effectively its reply to the opposition arguments.[3] To conclude otherwise would not be in the interests of justice or the truth-seeking purposes of discovery because it would unfairly restrict the moving party's ability to respond to the merits of opposition arguments.

As discussed *infra*, Pandora's supplemental declarations and exhibits address new material and arguments that could not have been included in the initial filings and should be considered by the Court to ensure the Court's decision is based on the full and complete record as it currently stands.[4] *See, e.g.*, *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, 2019 WL 4492950, at *5 (C.D. Cal. July 11, 2019) (allowing a new exhibit where plaintiffs argued it was "necessary to address legal issues presented in Defendants' portion of the Joint Stipulation that Lead Plaintiff

---

[3] This rationale would not necessarily apply to a non-moving party's supplemental memorandum because a non-moving party is not responding to anything; they already had their last word with their opposition. This critical distinction is ignored by Plaintiffs and dispenses with Plaintiffs' cited cases that involved the striking of the non-moving parties' submission of declarations and exhibits with their supplemental memoranda. *See In re Air Crash at Taipei, Taiwan on Oct. 31, 2000.*, 2002 WL 32155477, at *1 (C.D. Cal. Oct. 23, 2002) (striking "supplemental declaration . . . and exhibit" of non-moving defendant); *FDIC v. Appleton*, 2012 WL 12887400, at *5 (C.D. Cal. Aug. 27, 2012) ("declin[ing] to consider" declaration of non-moving plaintiff).

[4] In contrast, declarations and exhibits were *not* considered in many of the cases cited by Plaintiffs because there was no explanation for why the material was not previously included with the joint stipulation. For example, in *FDIC v. Appleton*, the court struck new declarations where the party "has made no showing that the information in the [declaration] was not available until now, and as such, the declaration is untimely." 2012 WL 12887400, at *5 n.3 (C.D. Cal. Aug. 27, 2012). Similarly, in *Tagtrends, Inc. v. Nordstrom, Inc.*, the party "did not offer any explanation for why they could not have submitted [the] declaration with their portion of the joint stipulation." 2014 WL 12587045, at *1-2 (C.D. Cal. Aug. 29, 2014). And in *Rodhe & Schwarz Gmbh & Co., KG v. Tektronix, Inc.*, the court refused to consider an entirely new legal issue raised for the first time. 2019 WL 4391114, at *4 (C.D. Cal. May 31, 2019). None of these issues apply here. As explained *infra*, the new material submitted through Pandora's declarations and exhibits consist of (1) materials that Pandora did not have when it drafted and served its portions of the joint stipulations and/or (2) materials necessary to address claims, arguments, and procedural errors raised for the first time in Plaintiffs' portions of the joint stipulations.

had no opportunity to address" because the document "may assist the Court in resolving this dispute on a complete record"); *Tacori Enterprises v. Beverly Jewelry Co. Ltd.*, 253 F.R.D. 577, 578-79, n.1 (C.D. Cal. 2008) (accepting a supplemental memorandum and additional declaration that were untimely filed and "out of an abundance of caution . . . consider[ing] them in addressing plaintiff's motion").[5]

*Factually*, the exhibits making up the Submissions and the facts contained therein fall into three categories: (i) documents already available on the record before the Court and attached simply as a courtesy; (ii) documents and facts which are included in direct response to Plaintiffs' misleading statements to the Court, which Plaintiffs did not disclose during the meet-and-confer process; and (iii) documents and facts which were either not in Pandora's possession until after Pandora filed its initial portions of the Joint Stipulations, or were included to provide context to such newly-acquired documents. Specifically:

### Aviki Declaration ISO MTC (ECF No. 185-1)

- Exhibit A: Discovery response incorporated for the purpose of drawing comparisons to the responses in Exhibit B, which were dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit B: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit C: Discovery correspondence dated after Pandora had served its

---

[5] While some Central District decisions acknowledge a split as to the propriety of declarations and exhibits submitted with supplemental memorandum under Local Rule 37-2.2, even those decisions exercise discretion and tend to consider further declarations when the additional material is useful to the Court in addressing the substantive discovery issues at hand or to provide the Court with material that only arose after submission of the joint stipulation. *See Cameron v. City of El Segundo*, 2021 WL 3466324, at *15 (C.D. Cal. Apr. 30, 2021) (court exercised its discretion to consider a supplemental declaration and exhibits because they provided an update on a material change that occurred after the moving party had already provided its portion of the joint stipulation to the defendant). Plaintiffs' own cited decisions acknowledge this. *See, e.g.*, *Vancouver Alumni*, 2019 WL 4492950 at * 5 ("[T]he exercise of the Court's discretion in this area[]is also driven by the specific circumstances of the case.").

portions of the Joint Stipulation.

- Exhibit D: Discovery correspondence dated after Pandora had served its portion of the Joint Stipulation.

- Exhibit E: Select documents from third-party production, which only became available in the afternoon of the date Pandora served its portions of the Joint Stipulation and therefore were not discovered until after Pandora's portions were served. These documents address Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.

- Exhibit F: Select documents from third-party production, which only became available in the afternoon of the date Pandora served its portions of the Joint Stipulation and therefore were not discovered until after Pandora's portions were served. These documents address Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.

- Exhibit G: Select documents from third-party production, which only became available in the afternoon of the date Pandora served its portions of the Joint Stipulation and therefore were not discovered until after Pandora's portions were served. These documents address Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.

- Exhibit H: Select documents from third-party production, which only became available in the afternoon of the date Pandora served its portions of the Joint Stipulation and therefore were not discovered until after Pandora's portions were served. These documents address Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.

- Exhibit I: A select discovery response addressing Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.
- Exhibit J: A select discovery response addressing Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.
- Exhibit K: A select discovery response addressing Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.
- Exhibit L: A select discovery response addressing Plaintiff Lopez's misleading arguments about the relevance of Motive Documents.
- Exhibit M: Responds directly to Plaintiffs' misrepresentations (ECF No. 180 at 23) regarding the scope of the discovery Pandora seeks.
- Exhibit N: Was filed previously (ECF No. 179) and is attached as a courtesy.
- Exhibit O: Was filed previously (ECF No. 179-24) and is attached as a courtesy.
- Exhibit P: The relevant substance of this exhibit was filed previously (ECF No. 180-12) and is attached as a courtesy.
- Exhibit Q: Relates to the relevance of the documents produced by a third-party, which only became available in the afternoon of the date Pandora served its portions of the Joint Stipulation and therefore were not discovered until after Pandora's portions were served.
- Exhibit R: The full version of this Exhibit was filed previously (ECF No. 180-4) and is attached as a courtesy.
- Exhibit S: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit T: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit U: The relevant substance of this Exhibit was filed previously

(ECF No. 122-3) and is attached as a courtesy.

- Exhibit V: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit W: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit X: Discovery response dated after Pandora had served its portions of the Joint Stipulation.
- Exhibit Y: Discovery response dated after Pandora had served its portions of the Joint Stipulation.[6]

### Aviki Declaration ISO PO (ECF No. 183-1)

- Exhibit A: Was filed previously (ECF No. 178) and is attached as a courtesy.
- Exhibit B: Addresses Plaintiffs' false accusation (ECF No. 179 at 6, 33-39) that Pandora, through its Motion for a Protective Order, is trying to shield itself from having to produce documents regarding its licensing and usage of spoken-word comedy.
- Exhibit C: Was filed previously (ECF No. 178-40) and is attached as a courtesy.
- Exhibit D: Was filed previously (ECF No. 179-16) and is attached as a courtesy.
- Exhibit E: Select documents from third-party production received after Pandora submitted its portions of the Joint Stipulation. These documents address Plaintiffs' misleading arguments about Jeff Price's role in this litigation.
- Exhibit F: Select documents from third-party production received after Pandora submitted its portions of the Joint Stipulation. These documents

---

[6] In fact, Exhibits V-Y are dated the *same day* Pandora filed its supplemental memorandum, and Exhibits S-T are dated the day before.

address Plaintiffs' misleading arguments about Jeff Price's role in this litigation.

- Exhibit G: Select documents from third-party production received after Pandora submitted its portions of the Joint Stipulation. These documents address Plaintiffs' misleading arguments about Jeff Price's role in this litigation.

- Exhibit H: Select documents from third-party production received after Pandora submitted its portions of the Joint Stipulation. These documents address Plaintiffs' misleading arguments about Jeff Price's role in this litigation.

- Exhibit I: Relates to the relevance of the documents produced by the same third-party, which only became available after Pandora submitted its portions of the Joint Stipulation.

- Exhibit J: Was filed previously (ECF No. 93-1) and is attached as a courtesy.

- Exhibit K: Was filed previously (ECF No. 159) and is attached as a courtesy.

Similarly, the two declarations themselves also solely contain information that falls into the above three categories. Specifically, Section I of the Aviki Decl. ISO PO was necessary to demonstrate that, contrary to Plaintiffs' contention, its motion for a protective order is just about musical works licensing and usage—Pandora has always been clear that it will produce documents regarding spoken-word comedy usage and licensing. Similarly, Section II of the declaration was necessary to support and address the many procedural violations associated with Plaintiffs' Kohn Declaration and Plaintiffs' portion of the joint stipulation—topics Pandora could not possibly have raised earlier.

Similarly, Section I of the Aviki Decl. ISO MTC was necessary to address

Plaintiffs' misleading implications regarding the timing of the Parties' discussion of a search protocol—responding directly to an argument that Plaintiffs' raised for the first time in their portion of the Joint Stipulation; Section II was necessary to address Plaintiffs' misleading assertion—also raised for the first time in their portion of the Joint Stipulation—that this motion practice is unnecessary to enforce basic compliance with the discovery process; and Section III was necessary to support and address Plaintiffs' continued procedural violation in Plaintiffs' portion of the joint stipulation, which could not have been addressed earlier.

In short, the Submissions are nothing more than Pandora's attempt to provide the Court with a fair and accurate record to aid in its consideration of the pending motions; instead of responding to that evidence in good faith or with substantive argument, Plaintiffs are further attempting to cloud the record and hide their misconduct. Such gamesmanship more than justifies the Court's consideration of these documents.[7] Pandora respectfully requests that the Court reject Plaintiffs' improper Objections and consider Pandora's Submissions.

---

[7] And Plaintiffs' contention that they "have not had the opportunity to evaluate, consider, and respond to these new facts, Declarations, or exhibits" is not well taken. ECF No. 186 at 3. As stated *supra*, many of the new exhibits are Plaintiffs' own supplemental discovery responses, which presumably Plaintiffs "evaluated and considered" before serving. Similarly, Plaintiffs' counsel is copied on a number of the new exhibits.

| | |
|---|---|
| Dated: July 31, 2023 | MAYER BROWN LLP<br>PAUL M. FAKLER<br>JACOB B. EBIN<br>ALLISON AVIKI<br>WILLIAM H. STALLINGS<br>CHRISTOPHER J. KELLY<br>JOHN NADOLENCO<br>DOUGLAS A. SMITH<br>MICHAEL A. CALVANICO<br><br>By: */s/ Paul M. Fakler*<br>      Paul M. Fakler<br><br>MAYER BROWN LLP<br>WILLIAM H. STALLINGS (*pro hac vice*)<br>*wstallings@mayerbrown.com*<br>1999 K Street, NW<br>Washington, D.C. 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 262-3300<br><br>MAYER BROWN LLP<br>CHRISTOPHER J. KELLY (SBN 276312)<br>*cjkelly@mayerbrown.com*<br>Two Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, California 94306-2112<br>Telephone: (650) 331-2000<br>Facsimile: (650) 331-2060<br><br>Attorneys for Defendant<br>PANDORA MEDIA, LLC |

10

PANDORA MEDIA, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS (ECF NO. 186) TO DECLARATIONS AND EXHIBITS FILED WITH PANDORA'S SUPPLEMENTAL MEMORANDA
CASE NO. 2:22-CV-00809-MCS-MAR