UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00809-MCS (MAR) | Date: August 15, 2023 |
| Title: *Yellow Rose Productions, Inc. v. Pandora Media, LLC* | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (in chambers):** ORDER RE: PLAINTIFFS' MOTION TO COMPEL, DKT. 178; DEFENDANT'S MOTION FOR PROTECTIVE ORDER, DKT. 179; DEFENADANT'S MOTION TO COMPEL, DKT. 180

On July 18, 2023, Yellow Rose Productions, Inc. and nine (9) consolidated Plaintiffs (collectively, "Plaintiffs") filed a Motion to Compel ("Plaintiffs' MTC") against Pandora Media, LLC ("Defendant") "seeking an order compelling Defendant to search for and produce certain categories of documents and to respond to certain requests for admission." ECF Docket No. ("Dkt.") 178. Also on July 18, 2023, Defendant filed a Motion for a Protective Order ("MPO"). Dkt. 179. On July 19, 2023, Defendant filed a Motion to Compel ("Defendant's Motion") against Plaintiffs. Dkt. 180. All Motions are before the Court on the parties' Joint Stipulations. Dkts. 178, 179, 180. For the reasons set forth below, the Motions are **GRANTED** in part and **DENIED** in part.

**I.
BACKGROUND:**

Plaintiff Yellow Rose Productions, Inc. filed this action against Defendant on February 7, 2022. Dkt. 1. On March 22, 2022, the district judge ordered this case to be consolidated for pretrial purposes with nine (9) other cases brought against Defendant by individual comedians, their production companies, or their estates. Dkt. 18. On September 12, 2022, Plaintiffs collectively filed the operative Second Amended Consolidated Complaint for copyright infringement. Dkt. 70.

Defendant also brought antitrust counterclaims against the comedians as well as Spoken Giants and Word Collections, licensing groups that represent the comedians. Dkt. 34. On April 4, 2023, the district judge dismissed all of Defendant's counterclaims. Dkt. 164.

Plaintiffs bring their consolidated copyright infringement action against Defendant, a digital broadcast radio and interactive streaming service. Dkt. 178 at 9. Plaintiffs argue that the use of comedic recordings implicate two (2) distinct copyrights—one for the sound recording of the comedy routine and one for the underlying jokes embodied in the spoken-word comedy recordings ("literary works"). Id. at 29. Plaintiffs allege that Defendant failed to obtain a license or pay royalties on the underlying literary works. Id. at 9–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-00809-MCS (MAR)  Date:  August 15, 2023

Title:  *Yellow Rose Productions, Inc. v. Pandora Media, LLC*

Defendant denies that it has infringed Plaintiffs' literary copyrights. Id. at 4. Defendant raises various affirmative defenses, including implied license and misuse of copyright. Id. at 10. With respect to its implied license defense, Defendant claims that—per decades-long industry custom—no compositional licenses are necessary, as no royalties have ever been paid to license comedians' underlying compositions. Id. Defendant argues, in the alternative, that they have received an implied license to use the works. Id.

On July 18, 2023, Plaintiffs filed a Motion to Compel. Dkt. 178. On that same day, Defendant filed a Motion for a Protective Order addressing the same issues as Plaintiffs' Motion to Compel. Dkt. 179. On July 19, 2023, Defendant filed a Motion to Compel. Dkt. 180. On July 25, 2023, Defendant filed a Memorandum in Support of their Motion for a Protective Order. Dkt. 183. Also on July 25, 2023, Plaintiffs filed a Supplemental Memo to their Motion to Compel. Dkt. 184. On July 26, 2023, Defendant filed a Memorandum in Support of their Motion to Compel. Dkt. 185. On July 27, 2023, Plaintiffs filed Objections to both Defendant's Memorandum in Support of their Motions because Defendant had attached exhibits. Dkt. 186. On July 31, 2023, Defendant filed a response to Plaintiffs' Objections.[1] Dkt. 187.

The Court finds these matters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the matters stand submitted.

## II.
## DISCUSSION

**A.  RELEVANT LAW**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information includes more information than is necessarily needed for a trial in the matter and does not have to "be admissible in evidence" during a trial. Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

---

[1] The Court notes that the parties' eight (8) filings total 2,596 pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-00809-MCS (MAR)            Date:  August 15, 2023

Title:  <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  A party seeking discovery may move for an order compelling an answer, . . . production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

**B.**     **PLAINTIFFS' MOTION TO COMPEL, DKT. 178, AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**, DKT. 179

Plaintiffs' Motion to Compel seeks to compel Defendant to "search for or produce documents that [Defendant] believes relate solely to [Defendant's] licensing and usage of musical works."  Dkt. 178 at 10.  In Plaintiffs' Motion to Compel they seek to compel twenty-six (26) specific discovery requests.  Id.  Defendant's Motion for a Protective order seeks a protective order to preclude Plaintiffs from seeking discovery related to Defendant's usage of musical works and its musical works licensing practices.  Dkt. 179.  As the Motions raise essentially the same substantive issues, the Court will address them together.

    **1.**     **Music licensing**

Plaintiffs claim that they are entitled to information on Defendant's music licensing and usage of musical works because Defendant does not distinguish between comedy and music in their licensing scheme or workflow.  Dkt. 178 at 10–12.  Accordingly, Plaintiffs argue, Defendant's music licensing and usage documents may contain relevant information as to Defendant's licensing scheme with respect to comedy.  Id.  Plaintiffs further argue the music licensing and usage information—and its lack of distinction from Defendant's comedy licensing and usage information—is relevant to the issue of whether Defendant believed it did not need to pay for a compositional license due to industry custom or practice in the comedy industry.  Id.

Defendant argues that musical licensing and payments are statutorily imposed and argues that they are therefore both legally distinct and irrelevant to the unregulated and separate industry of comedy licensing.  Id. at 15.  Defendant also asserts that providing discovery on musical licensing would impose an undue burden.  Dkt. 179 at 30.  They note that comedy makes up less than one percent of their streaming, while music is more than ninety-nine percent.  Id.  As such, to comply with Plaintiffs' production requests, Defendant would have to review "hundreds of thousands of pages of material, if not more, along with massive data files."  Id.  Additionally, Defendant explains that many of the files would be hard to access as they have been relegated to "cold storage" since Defendant switched over their data systems in 2016 and 2017; accordingly, the current system is incompatible with the files kept prior to 2017.  Id. at 60.  Defendant also notes that, despite the fact that the statute of limitations for copyright infringement is three years, Plaintiffs' requests are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-00809-MCS (MAR) | Date: August 15, 2023 |

Title: <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

limited to a specific time period, and thus seek information that is clearly not relevant. <u>Id.</u>; <u>see</u> 17 U.S.C. § 507.

The Court notes that the bar for relevancy is extremely low, and Plaintiffs have clearly met that bar by articulating an argument as to how the music licensing information may be relevant to their legal theory and Defendant's defenses. However, "relevancy alone is [not] sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." <u>Am. Auto. Ins. Co. v. Haw. Nut & Bolt, Inc.</u>, Civ. No. 15-00245 ACK-KSC, 2017 WL 662977, at *7 (D. Haw. Feb. 16, 2017) (quoting <u>Centeno v. City of Fresno</u>, Civ No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016)). Ultimately, the Court finds persuasive Defendant's argument that the requests as written are unduly burdensome given that: (1) they are not limited to a specific timeframe; (2) they seek a massive amount of information, much of which may be wholly irrelevant to this action; and (3) they seek old information that has become difficult to access due to changes in technology. Dkt. 178 at 72–73.

However, the Court finds that the requests can be tailored to be more proportional while still likely producing relevant information. As noted above, the statute of limitations on copyright infringement is three (3) years. 17 U.S.C. 507. Rewriting the requests to exclude information from before the statute of limitations period will not only wholly eliminate the technological issue but will also massively cut down on the volume of documents Defendant would have to provide. All the while, Plaintiffs will still be able to compare Defendant's licensing of music to its licensing of comedy for the period that is relevant to conduct at issue in this action. The Court also notes these limited requests will still provide Plaintiffs with information about Defendant's practices pre-and post-2018 Music Modernization Act, as they specifically request. Dkt. 184 at 6.

Therefore, the Court finds discovery into Defendant's music licensing during the statute of limitations period, from February 7, 2019 (three years prior to the filing of the first Complaint in this action) to the present, is relevant and proportionate to the case. As such, Defendant's Motion for a Protective Order, Dkt. 179, is **DENIED** as written, but **GRANTED** with the following amendments:

> Plaintiffs are precluded from seeking discovery related to Pandora's usage of musical works and its musical works licensing practices that occurred before February 7, 2019, and Pandora is relieved of its obligation to respond for the timeframe before February 7, 2019, to any prior discovery requests relating to the precluded timeframe.

Similarly, Plaintiffs' Motion to Compel Request for Admission ("RFA") Nos. 40, 41, 42, 43, and 44, and Request for Production ("RFP") Nos. 85, 87, 89, 91, 93, and 95 is **DENIED** as written, but **GRANTED** with the amendment that the requests be limited to the timeframe of February 7, 2019 to the present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-00809-MCS (MAR)                                                        Date:  August 15, 2023

Title:       <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

**2.     Requests for 2015 information on RDIO acquisition**

Plaintiffs make a number of requests asking for information on Defendant's acquisition of RDIO.  Dkt. 178 at 73–89.  Plaintiffs cite to an email sent from Defendant to [redacted] on December 11, 2015, which said:

> [W]e wanted to reach out regarding your company's musical compositions embodied in sound recordings (the "Content") stored on Rdio's servers.  As part of our acquisition of Rdio's assets, we would like to retain the Content contained on these servers for possible inclusion in expanded Pandora service offerings in the future.
>
> To be clear, Pandora will not launch expanded service offerings without acquiring the appropriate licenses.  In addition, we will access the Content for possible ingestion into our Music Genome Project.  We believe that retaining this Content is the surest way for Pandora to include your compositions upon the launch of any expanded service.  However, if you would prefer that your musical compositions not be included at this time, please follow the link below and indicate your intent to opt-out.

Dkt. 179-26 at 2

Plaintiffs claim that this email shows that Defendant acquired both musical works and literary works from RDIO.  Dkt. 178 at 73–89.  Defendant argues it is clear from the plain language of the email that the email only pertained to musical works.  Id.

The Court finds that the plain language of the 2015 email shows that it related only to musical works.[2]  In any case, Defendant acquired RDIO's assets before February 7, 2019, and thus, for the same reasons as discussed above, Plaintiffs' requests concerning the RDIO assets likely seek information wholly irrelevant to the period covered by the statute of limitations.  Accordingly, for the same reasons discussed above, Plaintiffs' Motion to Compel RFA Nos. 9, 10, and 45 and RFP Nos. 109, 110, 111, 112, 113, and 114 is **DENIED**.

**3.     Requests for admission about "blanket licenses"**

Plaintiffs ask Defendant to admit that they have entered into "blanket licenses" with seven (7) different music licensing groups.  Dkt. 178 at 89.  All of the companies solely license musical works.  <u>Id.</u>  Defendant argues the requests are overly broad because they refer to Defendant as "you" and vague because they do not define "blanket license."  <u>Id.</u> at 105.  They also object that the

---

[2] The Court notes that Plaintiffs did not attach this email to their Motion as an exhibit, instead only quoting from it.  However, Defendant provided the email as an exhibit to their Motion for a Protective Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00809-MCS (MAR)            Date: August 15, 2023

Title: <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

topic is irrelevant. <u>Id.</u> As noted above, Plaintiffs have demonstrated that Defendant's music licensing information could be relevant to Plaintiffs' claims and Defendant's defenses.

      Additionally, the Court notes, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." <u>Directv, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002); <u>La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer</u>, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Here, Defendant has not met their burden to explain or support their "overly broad" objection to the term "you." Pandora is the only named Defendant in this action, thus, it is unclear who else the term "you" could refer to in this context.

      Similarly, Defendant's "vague" objections are overruled. As a presumably competent entity in the realm of licensing, Defendant should understand what the term "blanket license" means in this context. Indeed, in <u>Pandora Media, Inc. v. Am. Soc'y of Composers, Authors, & Publrs.</u>, Nos. 12 Civ. 8035 (DLC), 41 Civ. 1395 (DLC), 2013 WL 5211927, *5 (S.D.N.Y. Sep. 17, 2013)(citing <u>United States v. Am. Soc. Of Composers, Authors, Publishers</u>, 627 F.3d 64, 68 (2d Cir. 2010)), the court defined "blanket license" for Pandora—the plaintiff in that action. The court clearly explained that "[a] blanket license is a license that gives the licensee the right to perform all of the works in the repertory." <u>Id.</u>

      As such, Plaintiffs' Motion to Compel RFA Nos. 20, 22, 24, 25, 26, and 27 is **GRANTED**.

    **4.**     **Defendant's request for fees, Dkts. 178 and 179**

      Pursuant to Fed. R. of Civ. P. 37(a)(5)(C) ("Rule 37"), "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. of Civ. P. 37(a)(5)(B).

      Here, Defendant asks for costs. However, both Motions were granted in part and denied in part, showing that each side was warranted in seeking resolution as to some of the discovery disputes. As such, the Court declines to award costs and each party will be responsible for its own costs incurred.

      However, in reviewing the emails and filings submitted to the Court as exhibits, the Court notes that both parties appear to have contributed to the breakdown in fruitful communication. With that in mind, both parties are cautioned to remember that while no one expects discovery "to be a non-stop exchange of pleasantries," <u>Freeman v. Schointuck</u>, 192 F.R.D. 187, 189 (D. Md. 2000), both parties have a general responsibility to approach the discovery process in good faith and avoid unnecessary court intervention, <u>see</u> Rule 37(a)(1) (requiring parties to make a good faith effort to resolve discovery disputes without court action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-00809-MCS (MAR)            Date:  August 15, 2023

Title:  <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

The Court will not treat either party as graciously should these matters come before it a second time.  Accordingly, both parties are admonished to work together in good faith to complete their discovery obligations and reach agreements on future discovery disputes.

**C.     DEFENDANT'S MOTION TO COMPEL, DKT. 180**

      **1.     Motive documents, RFP 30 and 35**

Defendant's RFP 30 and 35 propounded on Plaintiff George Lopez seek documents related to his motivation for bringing this lawsuit.  Dkt. 180 at 12.  Defendant asserts the documents are relevant to their affirmative defenses of copyright misuse, unclean hands, and implied license.  Id. at 14.  Defendant further alleges, "[t]he Motive Documents are relevant to Defendant's copyright misuse defense because they relate to Pandora's contention that [Spoken Giants, LLC] and [Word Collections, Inc.] instigated these lawsuits to upend historic custom and practice concerning the licensing of spoken-word comedy for the purpose of extorting supracompetitive license fees from streaming services like Pandora."[3]  Id. at 15.  Plaintiff argues that the sought production is irrelevant because only Plaintiff's motivation is relevant to Defendant's affirmative defense of copyright misuse—not the motivations of third parties Spoken Giants, LLC and Word Collections, Inc.  Id. at 18–20.

Defendant cites some caselaw to support its argument, which the Court finds largely distinguishable and unpersuasive.  However, Defendant alleges that in Plaintiff Lopez's first set of interrogatories he asserted:

> In summer 2022, Plaintiff became aware of Pandora's infringement of the Asserted Works pursuant to a discussion with Todd Bozick and Lester Knispel, Plaintiff's business managers.  Plaintiff's business advisors researched the infringement, which ultimately resulted in Plaintiff's decision to take legal action against Pandora for its infringement of the Works.

Id. at 17.  Defendant notes that Plaintiff Lopez did not object to the interrogatory.  Id.  Therefore, Defendant argues, based on this response, they are entitled to the research and communications that led Plaintiff to bring his lawsuit.  Id.  The Court finds this argument persuasive.  Plaintiff's response to this Interrogatory tends to show that third parties may have influenced Plaintiff's motivation to bring the instant lawsuit, and that documents relevant to this issue may exist.  In any case, Plaintiff did not object to this line of inquiry in his responses to Defendant's interrogatories.

---

[3] The Court notes that Defendant brought counterclaims against Spoken Giants and Word Collections alleging various antitrust violations.  Dkt. 94.  Counter-Defendants Spoken Giants and Word Collections brought a Motion to Dismiss.  Dkt. 104.  The district judge granted the motion, dismissed the counterclaims, and dismissed counter-Defendants as parties to this litigation.  Dkt. 164.  As such, the Court does not meaningfully consider Defendant's arguments regarding counter-Defendants' motives in seeking this discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00809-MCS (MAR)            Date: August 15, 2023

Title: <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

As such, Defendant's Motion to Compel RFP No. 30 and 35 is **GRANTED**.

**2.      Financial documents, RFP Nos. 42, 43, and 44**

Defendant requests,

**RFP No. 42**: Documents sufficient to show the total royalties You have earned from the use of any comedy recording that features [a Plaintiff] on a monthly, quarterly, and annual basis.

**RFP No. 43**: Documents sufficient to show the total revenues You have earned on a monthly, quarterly, and annual basis.

**RFP No. 44**: All financial statements that You maintain in the ordinary course of business.

Dkt. 180 at 20.

Plaintiffs argue that the RFPs ask for all financial information, regardless of whether it is tied to the claims in the case—namely, royalties and licensing of comedic literary work that Plaintiffs hold copyrights to—and thus the request is overbroad. <u>Id.</u> at 27–29. For instance, Plaintiffs allege the revenue from <u>Mork & Mindy</u> and <u>Mrs. Doubtfire</u> is irrelevant to Robin Williams's comedic royalties or revenue because he did not hold a copyright to the literary rights of those works. <u>Id.</u> at 28. Likewise, George Carlin's revenue from his participation in <u>Bill & Ted's Excellent Adventure</u> and <u>Thomas the Tank Engine</u> are also not relevant for the same reason. <u>Id.</u> Furthermore, requests for all financial statements encompasses irrelevant information such as real estate holdings, stock dividends, and investments that likewise are irrelevant to the case. <u>Id.</u>

While RFP Nos. 42–44 seek relevant discovery, as noted above, "relevancy alone is [not] sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." <u>Am. Auto. Ins. Co.</u>, 2017 WL 662977, at *7 (quoting <u>Centeno</u>, 2016 WL 7491634, at *4. Defendant's RFP Nos. 42–44 have not been proportionately tailored to the needs of the case. They ask for documents for "total royalties", "total revenues", and "all financial statements . . . maintained in the ordinary course of business." Dkt. 180 at 20. This far exceeds the scope of literary rights and royalties at issue in this litigation. As such, the Court will tailor the RFPs as follows:

**RFP No. 42**: Documents sufficient to show the total royalties You have earned <u>for all works in which you own the literary copyright</u> from the use of any comedy recording that features [a Plaintiff] on a monthly, quarterly, and annual basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-00809-MCS (MAR)                                         Date:  August 15, 2023

Title:     <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

**RFP No. 43**: Documents sufficient to show the total revenues You have earned <u>for all works in which you own the literary copyright</u> on a monthly, quarterly, and annual basis.

**RFP No. 44**: All financial statements <u>pertaining to a Plaintiff's comedy business</u> that You maintain in the ordinary course of business <u>from 2019 to present</u>.[4]

As such, Defendant's Motion to Compel RFP Nos. 42, 43, and 44 is **DENIED** as written, but **GRANTED** as modified above.

### 3. Supplemental responses to interrogatories given by date certain, Interrogatories Nos 1, 7, and 11.

Defendant claims that "Plaintiffs are refusing to commit to a date certain by which to supplement their responses to Interrogatory Nos. 1, 7, and 11, despite agreeing that their responses will be supplemented and committing to supplementing their responses by a (now many times passed) firm deadline." Dkt. 180 at 29.

Plaintiffs have agreed to supplement their responses. <u>Id.</u> at 37–39. With respect to their reluctance to commit to a specific date, Plaintiffs argue the information is forth coming and with nine (9) Plaintiffs and thirty-five (35) custodians "it just takes time." <u>Id.</u>

The district court's amended scheduling order provides that the non-expert discovery deadline is February 28, 2024. Dkt. 174 at 2. That is the last date to complete fact discovery and the date by which all discovery motions must be resolved. Based on the discovery motions currently before the Court, it appears that the parties still have extensive discovery to complete before that date, which is not altogether too far from now, especially considering the intervening holidays. Therefore, the Court is persuaded that a date certain is a reasonable request. Indeed, Plaintiffs provide no specific justification for further delay.

Defendant asks the Court to set a date certain for seven (7) days after this order. However, Plaintiffs' contention that the number of Plaintiffs and custodians makes the process of gathering the information more time consuming is well-taken. Therefore, the Court finds that thirty (30) days from this order is a reasonable date for Plaintiffs to provide supplemental responses to Interrogatory Nos. 1, 7, and 11.

///
///

---

[4] Copyright infringement claims have a three-year statute of limitations. <u>See</u> 17 U.S.C. § 507(b). Accordingly the initial Complaint in this action was filed on February 7, 2022. As such, the relevant timeframe for the financial documents is three (3) years, February 7, 2019 to present. The Court declines to limit the other RFPs in the same manner because the wider scope is relevant to Defendant's affirmative defenses about industry custom.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-00809-MCS (MAR)                                              Date:  August 15, 2023

Title:  <u>Yellow Rose Productions, Inc. v. Pandora Media, LLC</u>

## III.
## ORDER

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' Motion to Compel, Dkt. 178, is **GRANTED** in part and **DENIED** in part, as follows:
   a. RFA Nos. 40, 41, 42, 43, and 44 and RFP Nos. 85, 87, 89, 91, 93, and 95 are **DENIED** as written but **GRANTED** with the limitation as to the relevant timeframe of February 7, 2019 to the present.
   b. RFA Nos. 9, 10, and 45 and RFP Nos. 109, 110, 111, 112, 113, and 114 are **DENIED**.
   c. RFA Nos. 20, 22, 24, 25, 26, and 27 are **GRANTED**.
(2) Defendant's Motion for a Protective Order, Dkt. 179, **GRANTED** in part and **DENIED** in part, as provided above.
(3) Defendant's Motion to Compel, Dkt. 180, is **GRANTED** in part and **DENIED** in part, as follows:
   a. RFP Nos. 30 and 35 are **GRANTED**.
   b. RFP Nos. 42, 43, and 44 are **DENIED** as written and **GRANTED** as modified below:
      i. RFP No. 42: Documents sufficient to show the total royalties You have earned for all works in which you own the literary copyright from the use of any comedy recording that features [a Plaintiff] on a monthly, quarterly, and annual basis.
      ii. RFP No. 43: Documents sufficient to show the total revenues You have earned for all works in which you own the literary copyright on a monthly, quarterly, and annual basis.
      iii. RFP No. 44: All financial statements pertaining to a Plaintiff's comedy business that You maintain in the ordinary course of business from 2019 to present.
   c. Request for Supplemental Responses to Interrogatory Nos. 1, 7, and 11 are **GRANTED in part**.  Plaintiffs must provide the supplemental responses within 30-days of this order.

**IT IS SO ORDERED.**

**Initials of Preparer** : vv