1  Richard S. Busch - SBN 319881
2  *rbusch@kingballow.com*
   KING & BALLOW
3  2121 Avenue of the Stars, Suite 800
4  Los Angeles, CA 90067
   Telephone: (424) 253-1255
5  Facsimile: (888) 688-0482

6
7  Attorney for Plaintiffs

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10
                                    Master File No. 2:22-cv-00809-MCS-MAR
11
12  In re PANDORA MEDIA, LLC         <u>CONSOLIDATED ACTION</u>
    COPYRIGHT LITIGATION
13                                   **DECLARATION OF MARY**
14                                   **CATHERINE AMERINE IN SUPPORT**
                                     **OF PLAINTIFFS' MEMORANDUM OF**
15                                   **POINTS AND AUTHORITIES IN**
                                     **QUALIFIED OPPOSITION TO**
16                                   **PANDORA MEDIA, LLC'S MOTION**
17  This Document Relates To:        **TO EXTEND CASE SCHEDULE**
18  ALL ACTIONS
19
                                     Hearing Date:  January 8, 2024
20                                   Time:          9:00 AM
                                     Courtroom:     7C
21                                   Judge Hon. Mark C. Scarsi
22
23
24
25
26
27
28
─────────────────────────────────────────────
         DECLARATION OF MARY CATHERINE AMERINE IN OPPOSITION
         TO PANDORA'S MOTION TO EXTEND CASE SCHEDULE

## DECLARATION OF MARY CATHERINE AMERINE

I, Mary Catherine Amerine, declare as follows:

1.      I am an attorney at King & Ballow and counsel of record for Plaintiffs Yellow Rose Productions, Inc., on behalf of Bill Engvall; Main Sequence, Ltd.; Ron White, Inc., on behalf of Ron White; Robin Williams Trust; Brave Lion, Inc., on behalf of Andrew Clay Silverstein a/k/a/ Andrew Dice Clay; Nick Di Paolo, individually and on behalf of Acid Tongue, Inc.; Mary Reese Hicks, individually and on behalf of Arizona Bay Production Co. Inc.; Lewis Black; and George Lopez (collectively, "Plaintiffs"),  ("Plaintiffs) in the above-entitled action.

2.      I have personal knowledge of the facts set forth below. If called upon to testify, I could and would competently testify to the facts set forth below.

## I.      Plaintiffs' Discovery Efforts

3.      In responding to Pandora's Requests for Production, counsel for Plaintiffs have collected and searched over two million documents from various custodians, and have conducted extensive and diligent review of those documents to find and produce responsive, non-privileged documents.

4.      Counsel for Plaintiffs have personally spent hundreds of hours collecting and reviewing documents for production. While Plaintiffs broadly collected a significant volume of data – as evidenced by the number of documents collected – only a small fraction of those documents have been responsive to Pandora's requests.

5.      Plaintiffs are not withholding any responsive, non-privileged documents, and have been diligent in their search for and production of such documents.

6.      Plaintiffs' production efforts have been delayed by the scope and magnitude of the document collection that has been undertaken, and late-discovered errors in the population of reviewed documents by an outside electronic document discovery vendor, which necessitated extensive re-review to ensure that productions were as complete and accurate as possible.

7.      Plaintiffs have thus far produced over 9,000 documents.

8.      To the best of Counsel's knowledge and belief, seven of the nine Plaintiffs have substantially completed their document production.

9.      Counsel's acquisition of documents for Plaintiff Black was unavoidably delayed as a result of the hospitalization of a custodian for Plaintiff Lewis Black. Counsel is currently engaging in review and production of those documents.

10.     Additional documents for Plaintiff George Carlin have also recently been acquired, and are currently being reviewed and produced.

11.     Counsel for Plaintiffs are completing their review of these additional documents as expeditiously as possible, and intend for Plaintiffs' Black and Carlin to substantially complete their productions no later than the end of December.

12.     Plaintiff George Lopez's document custodians are responsible for over 1.5 million documents that have been collected on Plaintiffs' behalf.

13.     896,262 documents have been collected from the files of Todd Bozick and Lester Knispel, both custodians for Plaintiff Lopez. To the best of counsel's knowledge and belief, any so-called "motive" documents regarding Plaintiff Black's motivation for bringing this action would have been encompassed in this extensive document collection, review, and production.

14.     After conducting a thorough investigation, it appears that the individual identified by Pandora in Exhibit B to the Aviki Declaration is a PR and web designer who has not worked since Plaintiff Di Paolo since 2018, whose former work had nothing to do with the claims and defenses at issue in this litigation, and who has no information or documentation relevant to this litigation.

15.     Plaintiffs' productions have provided all custodial metadata available, including metadata that identifies each custodian that is associated with every document. While Pandora appears to believe that an additional "custodial" metadata field is required, Plaintiffs have repeatedly informed Pandora – after consultation with

their e-discovery vendor – that no such further metadata exists, and that Pandora is in possession of all metadata necessary to identify each individual custodian associated with each document.

16.     Attached as **Exhibit D** is a true and correct copy of an October 24, 2023 email to counsel for Pandora explaining the sufficiency of the custodial metadata provided in Plaintiffs' production, and their inability to provide any additional metadata.

17.     Attached as **Exhibit E** is a true and correct copy of a December 11, 2023 email to counsel for Pandora repeating Plaintiffs' explanation regarding the provided custodial metadata.

18.     On December 15, 2023, Plaintiffs served counsel for Pandora with Supplemented Responses to Pandora's Third Set of Interrogatories for all nine Plaintiffs; signed Verification forms for these Supplemental Responses; and completed Verifications for the four Plaintiffs whose original Interrogatory Responses initially lacked verifications.

19.     Nonparty Word Collections has produced in this action seven literary works agreements which it entered into with digital service providers on behalf of the comedians it represents, which provide for the payment of mechanical royalties to comedians.

20.     Attached as **Exhibit F** is a true and correct copy of Pandora's Responses and Objections to Plaintiff Main Sequence, LTD.'s Second Set of Interrogatories, served on November 30, 2023.

21.     Plaintiffs and Pandora have received documents through discovery showing that major industry players such as Warner Music Group, Universal, Sony, and Comedy Central have included mechanical royalties in their contracts with both Plaintiff comedians and other unrelated comics.

22. Word Collections has received payment of mechanical royalties from major labels for their use of literary works.

23. In seeking information and documents regarding Plaintiffs' recording agreements, counsel for Plaintiffs were made aware that Plaintiff Andrew Dice Clay was no longer in possession of his recording agreements. In an attempt to acquire those agreements, Plaintiffs' counsel subpoenaed nonparty Universal Music Group to obtain a copy of this recording agreement, and worked with Universal and an additional nonparty, Rick Rubin Enterprises, to obtain this agreement. Plaintiffs have produced this agreement, and three years of royalty information for literary works, to Pandora.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Fairfax, Virginia on December 18, 2023.

*Mary Catherine Amerine*

Mary Catherine Amerine