UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-00809-MCS-MAR | Date February 5, 2024 |
| Title *In re Pandora Media, LLC Copyright Litigation* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER ON MOTION TO EXTEND CASE SCHEDULE (ECF NO. 203) AND MOTION FOR LEAVE TO FILE SURREPLY (ECF NO. 215)

Defendant Pandora Media, LLC, filed a motion requesting an extension of the entire case schedule by six months. (Mot., ECF No. 203.) Plaintiffs Yellow Rose Productions, Inc., et al. opposed the request for a six-month extension but did not oppose a three-month extension of the discovery deadline. (Opp'n 4, ECF No. 204.) Pandora filed a reply. (Reply, ECF No. 210.) The Court heard argument on January 22, 2024. (Mins., ECF No. 235.)

Separately, Plaintiffs filed a motion for leave to file a surreply in opposition to Pandora's motion. (Mot. for Sur., ECF No. 215.) Pandora opposed the motion, (Opp'n Mot. for Sur., ECF No. 218), and Plaintiffs replied, (Reply Mot. for Sur., ECF No. 223). The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court addresses the surreply motion first. Plaintiffs seek to file a surreply responsive to arguments made for the first time in Pandora's reply brief. (Mot. for Sur. 1–2.) Surreplies are not authorized absent a court order. C.D. Cal. R. 7-10. Courts in this circuit have exercised their discretion to authorize surreplies to

respond to arguments raised for the first time in reply. *See, e.g.*, *WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV 16-600 JGB (DTBx), 2018 WL 2121819, at *1 (C.D. Cal. May 7, 2018) (collecting authorities)). However, this Court rarely, if ever, considers arguments raised for the first time in reply. *See, e.g.*, *Nationstar Mortg., LLC v. Williams*, No. 2:22-cv-05759-MCS-JPR, 2022 WL 17222268, at *2 n.1 (C.D. Cal. Sept. 21, 2022) (Scarsi, J.) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)); *Gile v. Dolgen Cal., LLC*, No. 5:20-cv-01863-MCS-SP, 2022 WL 649279, at *2 n.1 (C.D. Cal. Jan. 14, 2022) (Scarsi, J.) (same). Accordingly, the Court declines to consider the new arguments raised for the first time in Pandora's reply and denies Plaintiffs' motion for leave to file a surreply as unnecessary.

The Court grants in part the motion for an extension of the case schedule. "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)); *accord* Fed. R. Civ. P. 16(b)(4). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension,'" but "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the opposing party, though not the focus of the inquiry, also may support denying a motion. *Johnson*, 975 F.2d at 609.

Pandora requests to extend the entire case because Plaintiffs have not produced discovery to Pandora, (Mot. 6–7), and Pandora needs more time to conduct discovery of "dozens of third parties," (*id.* at 21). Plaintiffs do not dispute that they were tardy in complying with the parties' internal "substantial completion" deadline. (Opp'n 4.) However, Plaintiffs object to the allegation that they have failed to comply with any of their discovery obligations. (*Id.* at 13–17.) At the hearing on this motion, Plaintiffs confirmed they substantially completed their discovery production.

On June 15, 2023, the Court granted the parties' joint stipulation to continue the pretrial deadlines. (Order, ECF No. 174.) It warned that "[t]he Court does not anticipate granting any further continuance or requests to modify the schedule." (*Id.* at 2.) Notwithstanding, since then, both Plaintiffs and nonparties have been compelled to produce a number of documents responsive to Pandora's discovery

requests as recently as January 24, 2024. (Order Re: Pandora's Second Mot. to Compel, ECF No. 240; Order Re: Pandora's Mot. to Compel, *Pandora Media, LLC v. 800 Pound Gorilla Media, LLC*, No. 23-mc-00169-MCS-MAR (C.D. Cal. Jan. 22, 2024), ECF No. 32; Order Re: Pandora's Mot. to Compel, *Pandora Media, LLC v. Spoken Giants, LLC*, No. 2:23-mc-00149-MCS-MAR (C.D. Cal. Dec. 6, 2023), ECF No. 36; Order Re: Pandora's Mot. to Compel, *Pandora Media, LLC v. Word Collections, Inc.*, No. 2:23-mc-00140-MCS-MAR (C.D. Cal. Dec. 6, 2023), ECF No. 27.) To ensure sufficient time to complete fact discovery, the Court GRANTS an extension solely of the fact discovery deadline by two months, from February 28, 2024 to April 29, 2024. The Court does not find good cause to modify any other dates or deadlines, as the Court is confident that the parties can complete discovery and ready this case for trial in November with the exercise of reasonable diligence given the extended fact discovery cut-off.

**IT IS SO ORDERED.**