MAYER BROWN LLP
PAUL M. FAKLER (*pro hac vice*)
*pfakler@mayerbrown.com*
JACOB B. EBIN (*pro hac vice*)
*jebin@mayerbrown.com*
ALLISON AVIKI (*pro hac vice*)
*aaviki@mayerbrown.com*
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
MAX W. HIRSCH (SBN 301872)
*mhirsch@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant*
*Pandora Media, LLC*

*Additional counsel listed on signature page.*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No. 2:22-cv-00809-MCS-MAR |
| | <u>CONSOLIDATED ACTION</u> |
| This Document Relates To: | **JOINT STIPULATION REGARDING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF CERTAIN DOCUMENTS AS BUSINESS RECORDS** |
| ALL ACTIONS | |
| | Hon. Mark C. Scarsi |

1
2

## JOINT STIPULATION REGARDING AUTHENTICITY OF CERTAIN DOCUMENTS AND QUALIFICATION OF CERTAIN DOCUMENTS AS BUSINESS RECORDS

3  Plaintiffs Yellow Rose Productions, Inc., on behalf of Bill Engvall; Main
4  Sequence, Ltd.; Ron White, Inc., on behalf of Ron White; Robin Williams Trust;
5  Brave Lion, Inc., on behalf of Andrew Clay Silverstein a/k/a/ Andrew Dice Clay;
6  Nick Di Paolo, individually and on behalf of Acid Tongue, Inc.; Mary Reese Hicks,
7  individually and on behalf of Arizona Bay Production Co., Inc.; Lewis Black,
8  individually and on behalf of Stark Raving Black Productions, Inc.; and George
9  Lopez (collectively, "Plaintiffs") and Defendant Pandora Media, LLC ("Pandora")
10 (each individually a "Party," and together with Plaintiffs, the "Parties") hereby
11 stipulate, subject to Court approval, to the authenticity of certain documents under
12 Federal Rule Evidence 901 and to certain documents as business records under
13 Federal Rule of Evidence 803(6).

14  **WHEREAS**, in regard to documents the Parties may wish to introduce as
15 evidence in connection with summary judgment motions or at trial, the Parties
16 believe that it will promote the efficient conduct of this litigation and conserve Party
17 and judicial resources to agree, where possible, regarding the authenticity of
18 documents under Rule 901 and whether a document qualifies as a business record
19 under Rule 803(6);

20  **WHEREAS**, the Parties believe certain categories of documents will still
21 require traditional methods of authentication or qualification as business records or
22 other bases for admissibility;

23  **WHEREAS**, the Parties also agree that additional meeting and conferring may
24 be required regarding authentication and business record qualification or other bases
25 for admissibility for documents that have yet to be produced by the Parties or third
26 parties;

27
28

1

JOINT STIPULATION REGARDING AUTHENTICITY OF CERTAIN DOCUMENTS
AND QUALIFICATION OF CERTAIN DOCUMENTS AS BUSINESS RECORDS;
CASE NO. 2:22-CV-00809-MCS-MAR

**WHEREAS**, as of the filing of this Stipulation, the Parties have collected and exchanged records from the following third parties (hereinafter, a "Third Party"):

1. 800 Pound Gorilla Media, LLC
2. ASCAP
3. Blonde Medicine, LLC
4. BMI
5. Bluewater Music Services Corp.
6. Eddie Brill
7. The Colony Group
8. Comedy Central
9. Comedy Records
10. Concord
11. Exploration.io
12. Steve Hicks
13. Laugh.com
14. Laughing Hyena Records
15. Jeff Levy
16. Kerry Melnichek
17. Mechanical Licensing Collective
18. Muserk
19. Oglio Entertainment, LLC
20. The Orchard Enterprises NY Inc. ("The Orchard")
21. Rick Rubin Enterprises
22. NKSFB, Inc. ("NKSFB")
23. SESAC
24. Sony Music Entertainment ("SME")
25. Spoken Giants
26. Sunflower Entertainment Co., Inc.

2

27. TuneCore, Inc.

28. Universal Music Group ("UMG")

29. Uproar Entertainment

30. Warner Music Group ("WMG")

31. Word Collections, Inc.

32. You Lucky Dog Productions LCC

33. Comedy Dynamics, LLC

**THEREFORE**, the undersigned counsel for the Parties hereby STIPULATE and AGREE as follows:

1.      ***Documents Presumed to be Authentic***: The Parties agree that the following documents are presumed to be authentic, within the meaning of Federal Rule of Evidence 901, in that the documents are what they purport to be, subject to the exceptions in Paragraphs 4 and 5 below: (i) any document produced by any Party or Third Party in this action from that Party's or Third Party's own files; (ii) the final transcripts of any Court hearings or depositions in this action; (iii) all discovery requests and responses and objections thereto served in this action; (iv) any filed pleadings from this action, including any exhibits attached thereto that are properly authenticated in the pleading itself or that fall within the three categories of presumptively authentic documents above.  All other objections to these documents are expressly reserved.

2.      ***Documents Produced by a Party or Third Party Are Presumed to be Business Records***: Any document produced by a Party or Third Party in this action from that Party's or Third Party's own files is presumed to be a business record under Federal Rule of Evidence 803(6), subject to the exceptions in Paragraph 4 below.

3.      ***Burden of Persuasion to Challenge Authenticity***: The presumption of authenticity or the qualification of a document as a business record can be rebutted by an evidentiary showing by any Party, but the burden of persuasion shall lie with

3

the challenging Party. Any Party that challenges a document presumed to be authentic or a business record by this stipulation without a substantial justification for doing so shall pay the opposing Party's expenses, including attorneys' fees, incurred in responding to that challenge, unless other circumstances make an award of expenses unjust.

4. ***Exceptions to the Authenticity and Business Record Presumption***: The Parties agree that the following categories of documents are ***not*** subject to the business records or authenticity presumptions set forth above: (i) any document altered from the condition in which the document was maintained in the ordinary course of business, such as by adding handwritten comments (although only such handwritten comments would not be subject to this Stipulation) but not counting redactions made for the purposes of discovery in this action; (ii) handwritten documents or notes; and (iii) documents created by, for, or at the direction of counsel for the purpose of this action.  These categories of documents may still be deemed to be authentic, or constitute business records, or be admissible under other bases, but are excluded from this Stipulation.

5. ***Exception for Metadata***: The presumption of authenticity in this Stipulation does not apply to metadata.  Any Party seeking to authenticate metadata must do so in accordance with the Federal Rules of Evidence.

6. **Certain Redactions**: At the request of third-party NKSFB, the identity of comedians on documents being produced by NKSFB are being redacted with text boxes anonymizing the comedians with sequential numbering (*e.g.*, Comedian 1).  At the request of SME, The Orchard, UMG, and WMG, Pandora redacted certain terms of its sound recording license agreements with those companies that were produced in this action.[1] The Parties agree that the above-described redactions are acceptable.

---

[1] Pandora initially produced the agreements with redactions requested by SME, The Orchard, UMG, and WMG.  Thereafter, those third parties provided Plaintiffs' counsel the opportunity to review unredacted copies of the agreements.  Based on

Accordingly, no party may use the redactions as a basis to object to the admissibility of these documents into evidence, and no party may seek to admit the redacted information into evidence, or otherwise rely on it for any purpose associated with this action.

7.    ***Documents Produced After The Stipulation Is Filed***: By its terms, this Stipulation only applies to documents produced by a Party or Third Party on or before the date the Stipulation is filed with the Court.  After that date, each Party may identify additional documents produced by a Party or Third Party for which that Party wishes this Stipulation to apply.  All Parties agree to give good faith consideration to a reasonable request pertaining to additional documents produced by a Party or Third Party.

8.    ***Other Methods of Authentication/Moving for Introduction***: Notwithstanding this Stipulation, any Party may still authenticate a document or thing, or move to offer it into evidence, through any method authorized by the Federal Rules of Evidence or any applicable Local Rules.

9.    ***This Stipulation Does Not Pertain To Admissibility***: Nothing in this Stipulation shall be construed as an agreement that any documents or things subject to this Stipulation are admissible into evidence by any Party.  The Stipulation pertains solely to whether certain documents are authentic or qualify as business records. The Parties hereby expressly reserve the right to object to the admissibility of any document or thing under any other grounds permitted by law and not expressly addressed herein.

10.    ***This Stipulation Concerns Only This Action***: This Stipulation is applicable only for the purposes of the above-captioned consolidated lawsuits and

---

that review, Plaintiffs' counsel requested that certain redacted provisions be unredacted. Those requested changes to the redactions were made, and the agreements with revised redactions were produced to Plaintiffs.  This Stipulation, including Paragraph 6, applies only to those agreements with the revised, final redactions, and thus not to the versions of the agreements with the initial redactions.

any appeal of thereof, and cannot be used for any purpose in any other lawsuit or proceeding.

Dated: June 3, 2024

MAYER BROWN LLP
PAUL M. FAKLER
JACOB B. EBIN
ALLISON AVIKI
WILLIAM H. STALLINGS
CHRISTOPHER J. KELLY
JOHN NADOLENCO
DOUGLAS A. SMITH
MAX W. HIRSCH
MICHAEL A. CALVANICO

By: */s/ Paul M. Fakler*
    Paul M. Fakler

MAYER BROWN LLP
WILLIAM H. STALLINGS (*pro hac vice*)
*wstallings@mayerbrown.com*
1999 K Street, NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 262-3300

MAYER BROWN LLP
CHRISTOPHER J. KELLY
(SBN 276312)
*cjkelly@mayerbrown.com*
Two Palo Alto Square
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant
PANDORA MEDIA, LLC

Dated: June 3, 2024

KING & BALLOW
RICHARD S. BUSCH
*rbusch@kingballow.com*
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Telephone: (434) 253-1255
Facsimile: (888) 688-0482


By: */s/ Richard S. Busch*
    Richard S. Busch
    Attorneys for Plaintiffs

JOINT STIPULATION REGARDING AUTHENTICITY OF CERTAIN DOCUMENTS
AND QUALIFICATION OF CERTAIN DOCUMENTS AS BUSINESS RECORDS;
CASE NO. 2:22-CV-00809-MCS-MAR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

Pursuant to local rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories to this document concur in the content of, and have authorized, this filing.

Dated: June 3, 2024

*Paul M. Fakler*
*Paul M. Fakler*

8