UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00809-MCS-MAR | Date | September 22, 2025 |
| Title | In re Pandora Media, LLC Copyright Litigation | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s): None Present

Attorney(s) Present for Defendant(s): None Present

**Proceedings:** (IN CHAMBERS) ORDER (1) GRANTING SEALING APPLICATIONS, (2) DENYING PLAINTIFFS' MOTION FOR REVIEW, AND (3) REFERRING PARTIES TO ALTERNATIVE DISPUTE RESOLUTION (ECF NOS. 334, 346, 348–55, 388, 390, 414, 422, 430, 438, 442, 456, 468, 490, 492, 507, 514)

The Court appointed the Honorable Suzanne H. Segal, U.S. Magistrate Judge (Ret.), as Special Master and charged her with providing a recommendation on the parties' voluminous motions for summary judgment and attendant sealing applications. (Special Master Order 11–12, ECF No. 477.) Special Master Segal submitted a report and recommendation that summary judgment be granted on all remaining claims based on Defendant Pandora Media, LLC's affirmative defenses of implied license, express license, and equitable estoppel. (R&R, ECF No. 489.) Plaintiffs Yellow Rose Productions, Inc., on behalf of Bill Engvall; Main Sequence, Ltd.; Ron White, Inc., on behalf of Ron White; Robin Williams Trust; Brave Lion, Inc., on behalf of Andrew Clay Silverstein, also known as Andrew Dice Clay; Nick Di Paolo, individually and on behalf of Acid Tongue, Inc.; Mary Reese Hicks, individually and on behalf of Arizona Bay Production Co. Inc.; Lewis Black, individually and on behalf of Stark Raving Black Productions, Inc.; and George Lopez filed a motion for review of the Special Master's report and recommendation. (Mot., ECF No. 492-1.) Defendant filed a brief opposing the motion, (Opp'n, ECF

No. 509), and Plaintiffs filed a reply, (Reply, ECF No. 516). The Court heard oral argument on August 25, 2025. (Mins., ECF No. 523.)

I.      SEALING APPLICATIONS

Pending before the Court are three sets of sealing applications. First, the parties filed applications to seal documents in connection with the motions for summary judgment. (ECF Nos. 334, 346, 348–55, 388, 390, 430, 438.) The Court referred these to Special Master Segal for resolution. (Special Master Order 11.) Second, the parties filed applications to seal documents submitted in connection with previously resolved *Daubert* motions. (ECF Nos. 414, 422, 442, 456, 468.) The Court deferred resolving these applications in anticipation of the Special Master's recommendation. (*Daubert* Order 2–3, ECF No. 486.) Third, the parties filed applications to seal documents in connection with the motion for review of the Special Master's report and recommendation. (ECF Nos. 490, 507, 514.) Generally, the applications seek to redact from the public record confidential financial, business, and personal information that could cause competitive harm to or impede the privacy of parties and nonparties if disclosed publicly.

No party objected to the Special Master's recommendation that all sealing applications relating to the motions for summary judgment be granted. (R&R 26, 54.) The Court adopts the Special Master's recommendation on the sealing applications and finds compelling reasons to keep the information subject to the first set of applications under seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As the Court previously observed, there is "significant overlap between the information sought to be filed under seal relating to [the *Daubert* motions] and the information covered by the sealing applications assigned to the Special Master." (*Daubert* Order 2.) Accordingly, the Court finds compelling reasons to keep the information subject to the second set of applications under seal. Finally, the Court finds compelling reasons to seal the documents subject to the third set of applications, which contain sensitive information similar to and often overlapping with information presented in the first two sets of applications.

For these reasons, the applications are granted in substantial part. The Court denies the applications only insofar as the parties have conceded in Local Rule 79-5.2.2(b)(i) declarations that redacted information may be displayed publicly. (*E.g.*, Busch Decl. ¶ 3, ECF No. 511 (conceding certain language redacted in initial filing may appear on the public docket).) In the interests of docket management and conserving party resources, the Court waives the requirement of Local Rule 79-

5.2.2(c) requiring the documents authorized to be sealed to be filed to the docket separately under seal. The Court deems permanently sealed the documents filed provisionally under seal in connection with the sealing applications. To the extent the applications are denied in light of party concessions that certain information may be publicly filed, the Court orders the parties to publicly file revised redacted or unredacted versions of the documents subject to the concessions in compliance with Local Rule 79-5.2.2, but gives the parties 21 days from the date of this Order to comply.

## II. MOTION FOR REVIEW

For the reasons stated on the record at the hearing, based on the Special Master's report and recommendation, the Court's review of the summary judgment record, and the parties' arguments in connection with Plaintiffs' motion for review, the Court on its own motion will resubmit the motions for summary judgment to the Special Master with instructions for further development. Fed. R. Civ. P. 53(f)(1). On that basis, the Court denies Plaintiffs' motion for review, which will become moot once the Court issues instructions.

On Plaintiffs' invitation, at this time the Court addresses one legal issue presented for review in the motion. Plaintiffs contend that the Special Master applied the wrong legal test for the implied license defense. (Mot. 2–6.) They contend that under binding Ninth Circuit authority, the only way to succeed on an implied license defense to a copyright claim is to satisfy the three-element test articulated in *Effects Associates v. Cohen*, 908 F.2d 555, 558–59 (9th Cir. 1990), which requires the parties to have a preexisting relationship, such as a work-for-hire arrangement. (*See* Mot. 2–3); *see also Hargis v. Pacifica Senior Living Mgmt. LLC*, No. 2:22-cv-06989-MCS-PD, 2023 U.S. Dist. LEXIS 181408, at *30 (C.D. Cal. Aug. 2, 2023) (Scarsi, J.) ("Under the *Effects Associates* test, 'an implied license is granted when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work.'" (quoting *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008))). At the hearing, Plaintiffs' counsel construed this as a threshold issue as to whether an implied license defense is cognizable in this case, where the first two elements of the *Effects Associates* test are indisputably unmet in their estimation.

The Court agrees with the Special Master that Ninth Circuit authority does not foreclose an implied license defense arising outside the contours of the *Effects*

*Associates* test. (R&R 34–35.) True, the circuit court has left this defense underdefined outside the well-trodden work-for-hire context of *Effects Associates* and its progeny. No binding decisions in the parties' cited authorities or in the Court's independent research expressly recognize that a defense may lie outside *Effects Associates*' three-element test. Conversely, however, no binding decisions preclude one. Notably, in a 2015 decision, a Ninth Circuit panel stated that one "instance" in which a court may find an implied license is when the *Effects Associates* test is met. *Corbello v. DeVito*, 777 F.3d 1058, 1067 (9th Cir. 2015). The *Corbello* panel considered a situation outside the work-for-hire context; while the panel reversed a grant of summary judgment on an implied license defense, the fact that the work at issue was not made on the request of the defendants was but one factor in the Court's reasoning, not necessarily a factor that would be dispositive if it stood alone. *See id.* at 1067–68. Although one Ninth Circuit panel commented over 24 years ago in a one-paragraph discussion of an implied license defense that "[c]ourts have found implied licenses only in narrow circumstances where one party created a work at the other's request," *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (cleaned up), the Court declines to interpret the statement to be restrictive in the manner Plaintiffs advocate given subsequent precedents that are dramatically less restrictive. Another panel decision published months after *A&M Records* discussed an implied license defense where the work was commissioned by a nonparty. *See Foad Consulting Grp., Inc. v. Musil Govan Azzalino*, 270 F.3d 821, 824 (9th Cir. 2001). Yet another (albeit nonbinding) decision issued two decades later recognized an implied license defense in the absence of any commissioned work. *See Evox Prods., LLC v. Chrome Data Solutions, LP*, No. 22-35113, 2023 U.S. App. LEXIS 3293, at *1 (9th Cir. Feb. 10, 2023).

The Court finds the Federal Circuit's treatment of the issue in *Bitmanagement Software GmbH v. United States*, 989 F.3d 938 (Fed. Cir. 2021), persuasive. There, the appellant argued that the lower court "improperly engaged in a generalized assessment of the parties' interactions" instead of adhering to the *Effects Associates* test. *Id.* at 947. The circuit panel criticized the appellant for "read[ing] the law too narrowly." *Id.* The panel observed that the *Effects Associates* test is "not the exclusive inquiry" applied by the regional circuits to determine the existence of an implied license, noting the Fifth Circuit's standard that "depends on the totality of the parties' conduct." *Id.* (citing, inter alia, *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 501 (5th Cir. 2012)). Thus, the circuit court found the lower court committed no legal error by considering the parties' "entire course of conduct to find an implied-in-fact license." *Id.*

Recognizing that an implied license defense may lie outside the scope of the *Effects Associates* test is consistent with the driving equitable principles of the defense, which emphasize "the licensor's objective intent at the time of the creation and delivery of the [work] as manifested by the parties' conduct," *Corbello*, 777 F.3d at 1067 (quoting *Gagnon*, 542 F.3d at 756), as measured by "the totality of the parties' conduct," *Foad*, 270 F.3d at 837 (Kozinski, J., concurring) (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 10.03[A][7], at 10–42 (2000)); *accord Bitmanagement Software*, 989 F.3d at 947. Doing so is also consistent with the principle that "[c]opyright licenses are a type of contract and, therefore, governed by common law contracting principles." *Bitmanagement Software*, 989 F.3d at 946 (citing *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1130 (9th Cir. 2006)). To recognize implied copyright licenses only in the context of work-for-hire arrangements of the kind contemplated by *Effects Associates* would suggest that the law treats implied copyright licenses differently from other types of implied contracts, which are not similarly restricted.

This Court's prior summary judgment decision in *Hargis* is reconcilable with this conclusion. There, the Court determined that the defendant could not prevail on its implied license defense given an express agreement that foreclosed it. 2023 U.S. Dist. LEXIS 181408, at *29–30. In subjunctive dicta, the Court reasoned that "there still would be no basis to conclude Defendant had an implied license" under the *Effects Associates* test even if there were no express contract foreclosing the theory. *Id.* at *30. In its analysis, "[r]ecognizing that '[t]he touchstone for finding an implied license . . . is intent,'" the Court concluded that the defendant had not demonstrated the plaintiff's intent to license works to the defendant. *Id.* at *31–33 (second alteration in original) (quoting *Oliver v. Meow Wolf, Inc.*, No. 20-237 KK/SCY, 2022 U.S. Dist. LEXIS 163720, at *46–47 (D.N.M. Sept. 12, 2022)). In other words, the Court's application of the *Effects Associates* test in *Hargis* was superfluous to the disposition of the defense and, in any event, focused on intent as the touchstone of the inquiry. And, frankly, the Court resolved the implied license issue in *Hargis* on limited, subpar briefing that neglected to cite *any* binding Ninth Circuit authority construing the defense. Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. 20–22, *Hargis v. Pacifica Sr. Living Mgmt. LLC*, No. 2:22-cv-06989-MCS-PD (C.D. Cal. May 26, 2023), ECF No. 30-1. The Court had no occasion to explore the contours of the implied license defense in that case, and it declines to fetter itself to the reasoning articulated there given the nuances to the defense presented and exhaustively litigated here.

In sum, the Court rejects Plaintiffs' position that *Effects Associates* and its progeny foreclose Pandora's implied license defense in this case.[1]

In the interest of conserving party and court resources, the Court declines to immediately issue an order returning the motions to Special Master Segal with instructions given the considerations discussed in the next section.

### III.     REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION

The parties have consistently represented that they have expended significant time and resources toward this litigation. (*E.g.*, Joint Response 3, 12, ECF No. 448.) The Court anticipates that further proceedings before the Special Master will require further significant expenditures by the parties and the Special Master (whose fees are borne by the parties) given the anticipated scope of the Court's instructions for further development.

On that basis, following the policy of this district to "encourage disposition of civil litigation by settlement when such is in the best interest of the parties," C.D. Cal. R. 16-15, the Court orders the parties to engage in a settlement conference before the Honorable Maria A. Audero, U.S. Magistrate Judge. The parties shall contact Judge Audero's courtroom deputy clerk to schedule the conference within 14 days of this Order, with the conference to be completed on or before December 1, 2025. The parties shall file a status report within seven days of scheduling the conference and again within seven days of completing the conference. The Court will hold its order resubmitting the motions for summary judgment to the Special Master in abeyance until the conference is completed.

**IT IS SO ORDERED.**

CC: U.S. Magistrate Judge Maria A. Audero

---

[1] At this time, the Court only approves the Special Master's conclusion that an implied license defense may lie outside the *Effects Associates* test and expresses no opinion on whether the Special Master distilled appropriate rules or principles from implied license cases outside the work-for-hire context or appropriately applied those rules or principles to the facts of this case. These issues are among those the Court is considering resubmitting to the Special Master for further development.